**John T. Fitzgerald and Helen A. Fitzgerald, Plaintiffs-Appellees, v. Ethel H. Brown, Defendant-Appellant.**

Gen. No. 50,208.

First District, Fourth Division.

August 30, 1967.

Querrey, Harrow, Gulanick & Kennedy, of Chicago (John T. Kennedy, of counsel), for appellant.

Coghlan, Coghlan and Joyce, of Chicago (John P. Coghlan, of counsel), for appellees.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

This is an appeal from a verdict and judgment in favor of plaintiffs for personal injuries sustained in an intersection automobile collision. On the basis of many points alleging trial errors, defendant contends that she is entitled to a new trial. Because we consider one such point sufficient to control our decision, we will not deal with the other points in this opinion.

■ The proposition we refer to is that, through action of plaintiffs' counsel in cross-examination of a defense witness, the jury was repeatedly informed that defendant was covered by insurance, resulting in the probability that the jury's verdict was prejudicially influenced. Plaintiffs must concede that the general rule, long ago well established in this state, is that the fact of insurance coverage is not to be presented to the jury in a personal injury case. Wiersema v. Lockwood & Strickland Co., 147 Ill App 33. They argue, however, that four exceptions to the general rule are applicable here: (1) defendant had first brought out mention of defendant's insurance, (2) insurance may be shown to demonstrate the interest of a witness in the outcome of

the litigation, (3) because the defense was "pregnant with fraud and concealment," the broadest type of cross-examination was authorized, and (4) defendant's motions for mistrial were insufficient to reach the error claimed.

All of the controversy over the interjection of the existence of insurance arose during the testimony of an automobile repairman named Schroeder. An important part of the defense to plaintiffs' action lay in defendant's claim that, after working well throughout the morning and on previous days, the brakes on her husband's car suddenly gave out as she tried, unsuccessfully, to stop at a red light and thus avoid hitting plaintiffs' car which was just then going through the intersection. By the witness Schroeder, defendant introduced testimony that after defendant's Lincoln had been brought to his shop, he "checked the car out" and discovered a ruptured brake hose. He further testified that the damage sustained by the car in collision with plaintiffs' automobile would not have caused the hose to break; that when such a brake hose does rupture, there is no indication to the driver that it is about to happen and that the brakes are about to fail.

■■ Near the beginning of Schroeder's testimony, he stated that when defendant's car was taken to his shop he had a mechanic named Viegel working for him. Defendant's attorney then asked the witness what Viegel had done when the car came in. The answer was: "Nobody done anything to that car except the insurance company called me to check it out because it had brake failure." Defense counsel could, of course, have moved to strike the nonresponsive part of this answer, but we do not believe he was required to do so and thus emphasize its prejudicial character which otherwise might have passed with little or no notice. However, while admitting that the mention of insurance in

this answer was not responsive to the question, plaintiffs argue that the nonresponsive part of the answer could have been stricken on motion of defense counsel (though not on motion of plaintiffs' attorney: Turck v. City of Chicago, 146 Ill App 472, 480; Merkle v. Bennington Township, 58 Mich 156, 24 NW 776 (1885)), and that, since he did not choose to have it stricken, it stands in evidence and opens the door for plaintiffs to pursue the matter further. In support, they cite Cooper v. Safeway Lines, Inc., 304 Ill App 302, 325, 26 NE2d 632; and Seyferlich v. Maxwell, 28 Ill App2d 469, 171 NE2d 806.

These cases are not pertinent here, and plaintiffs' point is without merit. In the instant case there was no intentional introduction of the fact of insurance by defendant, as in Seyferlich, nor was plaintiffs' pursuit of the question innocent in character, as shown by the nonresponsive answer of a defense witness in Cooper. Here, we believe the record shows calculated and repeated attempts on the part of plaintiffs' counsel to elicit further insurance mention before the jury for the obvious purpose of prejudicial influence.

On cross-examination, plaintiffs' attorney asked the witness who had asked him to inspect the brake. An objection was made, followed by an extensive conference in chambers. The attorney for defendant apprised both plaintiffs' attorney and the court that he had objected because he believed counsel was seeking to bring out the fact of defendant's insurance. Plaintiffs' attorney took the position that if a representative of defendant's insurance company had ordered the brake inspection, "it becomes competent evidence and it may not be stricken." He appears to have based this position upon his contention that part of the brake hose exhibit was missing from the time he had first seen it in the hall outside the courtroom, and that the insurance company had tak-

en the car from the scene of the accident and had delivered it to the witness' shop. After outlining this argument, he submitted to the court that fraud was thus apparently present, and restated his belief that it had become "competent evidence for them for the mentioning of insurance."

The court then overruled defendant's objection to the pending question (as to who had asked the witness to inspect the brake). Whereupon, defense counsel again represented to the court that "this witness will blurt out, 'The insurance company of the Browns,'" and suggested, in order to avoid a mistrial, that the witness be instructed to answer, "a representative of the Browns." The court rejected the suggestion, and in the presence of the jury the question was reread. The witness answered, "The insurance company asked me to inspect the brakes. I think it was the adjuster. I am not sure. I can't recall the name of the man right now." Interspersed in this answer was the motion of defense counsel to withdraw a juror, which was promptly overruled. Consistently thereafter, the cross-examiner continued with the same type of questions and elicited the same type of answers. He asked the witness who had phoned him about the car, and was told it was the State Farm Insurance Company. He asked who took the car away from the shop, and was told it was the State Farm, with their tow outfit. He asked who had taken the broken brake hose from the witness' desk, and was told it was the adjuster. On each of the occasions just recited, defense counsel made timely motions for a mistrial and his motions were all denied.

Giving due consideration to this record of forewarned persistence in pursuit of prejudice, it is our opinion that plaintiffs' point of defendant's having introduced the first mention of insurance (through a nonresponsive answer), is rendered weightless. Kelley v. Call, 324 Ill

App 143, 57 NE2d 501, and Williams v. Consumers Co., 352 Ill 51, 185 NE 217, cited by plaintiffs, are distinguishable. See, rather, Bishop v. Chicago Junction Ry. Co., 289 Ill 63, 124 NE 312.

 Plaintiffs next contend that insurance may be disclosed in order to show the interest of the witness in the outcome of the case, arguing by analogy from the permissiveness recognized in demonstrating the bias or interest of witnesses generally. They also rely on Seyferlich v. Maxwell, 28 Ill App2d 469, 476, 478, 171 NE 2d 806, as authority to introduce insurance in such a situation, but this reliance is misplaced for the reason mentioned above in this opinion.

This subject was treated in Guardado v. Navarro, 47 Ill App2d 92, 100–102, 197 NE2d 469, where we said at page 101:

> . . . Without going so far as to concede a license to bring out the existence of insurance, as such, we do recognize the principle that when a written statement or transcript has been utilized in the impeachment of a witness for plaintiff, it is open to plaintiff's counsel to show that the person taking the statement had an interest in the defense of the litigation. And this, in order to discredit the statement or rehabilitate the witness. It is ordinarily possible to do this, however, without eliciting the fact that the investigator was employed by an insurance company. The right to establish an adverse interest must not be used as a screen for the introduction of a prejudicial fact entirely outside the issues of the case.

See also Carlson v. Healey, 69 Ill App2d 236, 244–247, 215 NE2d 831.

 As to plaintiffs' claim that extremely broad cross-examination was justified because the defense was

"pregnant with fraud and concealment," let it first be said that this record is barren of any evidence of "fraud and concealment." In any event, we fail to see how this contention is material to the interjection of insurance into the trial. The fact of insurance has nothing to do with alleged improper conduct of defense counsel, nor were the questions which elicited the prejudicial answers designed to shed any light on the part of the brake hose which was missing at trial. Surely, plaintiffs do not contend that mention of a representative of an insurance company is probative of fraud, whereas mention of a representative of the Browns is not. If plaintiffs mean to argue that introducing the fact of insurance makes it more probable that the jury will disbelieve and find against the defendant, then plaintiffs support our decision. If plaintiffs feel there has been fraud or deception by defense counsel, then other avenues of redress are available short of trying to prejudice the jury in this case. Schoolfield v. Witkowski, 54 Ill App2d 111, 203 NE2d 460, relied upon by plaintiffs, is distinguishable on several grounds.

Finally, plaintiffs maintain that the defense motion to withdraw a juror and declare a mistrial (made three times, immediately after each mention of insurance following a question asked by plaintiffs' counsel) was "insufficient to reach the error." Plaintiffs would require the defense to make specific objections by which the court could strike the offending testimony and instruct the jury to disregard the answers. In Carlson v. Healey, 69 Ill App2d 236, 215 NE2d 831, the defense motion for a mistrial was denied but the jury was instructed to disregard the fact of insurance (IPI No. 2.13). Nevertheless, a new trial was ordered by the reviewing court. Thus, the law on this point, where there has been such extensive and unwarranted interjection of insurance, remains the same today as it was in 1909

when the court in Wiersema v. Lockwood & Strickland Co., 147 Ill App 33, said at page 39:

> ... no instruction can cure the error. ... If counsel were permitted to resort to the practice of violating the law of evidence and then curing the violation by merely giving an instruction to the jury to disregard the unwarranted and illegitimate remarks made, the law of evidence would be useless and but a farce. Such instructions, usually, but make more emphatic the evil intended to be cured.

Additionally, it may be considered in this case that defendant's objection to the first question (which resulted in the full discussion of the problem in chambers, with repeated warning by counsel of the probable consequences) could be viewed in the light of a continuing objection to all such questions, under the circumstances. ILP, Appeal and Error, § 213.

It is our conclusion that the record is sufficient to present to this court the error of which defendant complains. We also conclude that the point raised did constitute prejudicial error. The judgment is therefore reversed and the cause is remanded for a new trial.

Reversed and remanded.

DRUCKER and McCORMICK, JJ., concur.