WILLIAM LAUTZ, Plaintiff-Appellant, *v.* PIER V *et al.*, Defendants-Appellees.

Second District   No. 77-565

Opinion filed February 5, 1979.

■■■■■■

George E. Downs, of Palatine, for appellant.

Herbert M. Berman and Michael A. Landrum, both of Berman & Landrum, Ltd., of Chicago, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiff filed a third amended complaint alleging (count II) that he was entitled to rescind and recover his purchase price on defendants' sale of stock to him because of noncompliance with the Illinois Securities Law of 1953 (Ill. Rev. Stat. 1977, ch. 121½, pars. 137.1-137.16). (Count I of the complaint alleged fraud.) Defendants were granted judgment on the pleadings based upon plaintiff's failure to charge the violation of the Securities Act within three years from the alleged sale date of March 15, 1973, as required by the Act. (Ill. Rev. Stat. 1977, ch. 121½, par. 137.13(D).) Plaintiff appeals.

The third amended complaint concededly was filed more than 45 months after the sale of the stock. The questions before us therefore are whether the provisions of section 46(2) of the Illinois Civil Practice Act are applicable to the claim made under the Securities Act; and if so, whether the cause of action under the Securities Act arose out of the same transaction or occurrence as the cause of action stated in the original complaint filed within five months after the sale. Ill. Rev. Stat. 1977, ch. 110, par. 46(2).

Defendants argue that the Civil Practice Act does not apply because the limitation contained in section 13(D) of the Securities Act is a statutory limitation of liability rather than of remedy; and alternatively that the allegation in count II charging violation of the Securities Act did not grow out of the same transaction or occurrence described in the earlier complaints. We disagree with both arguments.

■■ Section 46(2) of the Illinois Civil Practice Act has been consistently interpreted to not bar an amendment under a statute of limitations even though the amendment relies upon either a statutory form of action or a common law form of action for the first time if the cause of action stated in the amendment arises out of the same transaction or occurrence asserted in a prior timely filed complaint. (*Halberstadt v. Harris Trust & Savings Bank*, 55 Ill. 2d 121, 123 (1973); *Metropolitan Trust Co. v.*

*Bowman Dairy Co.*, 369 Ill. 222, 229-30 (1938).) The statute contemplates the fact that an amended pleading may set forth a new cause of action. *McCullough v. Tomaich*, 20 Ill. App. 3d 262, 265 (1974).

We will therefore examine the course of the pleadings to determine whether the amendment filed after the limitations period provided in the Securities Act arises from the same transaction or occurrence as the cause alleged in the earlier complaint.

The original complaint filed on August 3, 1973, alleged that the defendants had sold the plaintiff stock equaling 20 percent of the outstanding shares of Pier V Yacht Club, an Illinois corporation; that plaintiff paid $10,000 and was promised to be retained as vice president of the corporation at a salary of $15,000 per year; and that plaintiff came into the corporation's employ on April 1, 1973, but was discharged on June 20, 1973, without compensation. The complaint further alleged that various documents agreed upon by the parties in connection with the sale such as amendments to the corporate bylaws were submitted to the officers, stockholders and directors which they did not sign; and also that the defendants had misrepresented both the assets of the corporation and the income that could be derived in order to induce the plaintiff to invest. Plaintiff sought recovery of the $10,000 paid for the stock, plus interest and the sum of $4,000 for his services prior to termination.

On November 28, 1973, a default judgment was entered in favor of the plaintiff. However, the judgment was vacated on February 19, 1974, and at that time defendants' motion to strike the complaint for failure to state a cause of action was granted. Plaintiff filed an amended complaint including the allegations in count I that defendants had not issued his stock certificates, held the stockholders meetings as promised nor signed the necessary documents which they were to do when he paid the $10,000; and in count II alleged that the defendants fraudulently induced the plaintiff to purchase the stock by their false representations. On June 5, 1974, the amended complaint was dismissed on defendants' motion.

On July 1, 1974, a second amended complaint was filed and the first count alleging fraud was again stricken. A motion to strike a second count alleging that the defendants had failed to show the issuance of stock to the plaintiff on the books of the corporation was denied. The defendants answered count II, then moved for summary judgment which was denied on June 9, 1975. Before trial the defendants filed a motion in limine to suppress any testimony that might be adduced at trial concerning the Illinois Securities Act. That motion was denied on August 24, 1976, with the plaintiff being given leave to file the third amended complaint. On December 28, 1976, plaintiff filed a third amended complaint alleging fraud in count I and that the defendants had failed to register the

securities as required by the Illinois Securities Act in count II. The defendants answered and alleged the affirmative defense of the statute of limitations. On June 17, 1977, defendants filed a motion for judgment on the pleadings which was thereafter granted, resulting in this appeal.

Section 13 of the Illinois Securities Act allows the buyer to rescind the purchase of stock if the sale is consummated in violation of the provisions of the Act. (Ill. Rev. Stat. 1977, ch. 121½, par. 137.13(A).) All persons who have participated in the voidable sale are liable to the purchaser for the amount paid plus interest. (Ill. Rev. Stat. 1977, ch. 121½, par. 137.13(D).) In addition, section 12 of the Act states that it shall be a violation to fail to file any reported document required to be filed under the Act. (Ill. Rev. Stat. 1977, ch. 121½, par. 137.12(D).) Thus it appears that defendants to comply with the Act should have filed with the Secretary of State a report of sale not later than 30 days after the sale setting forth the name and address of the issuer and of the controlling person, the total amount of the securities sold, the price, the commissions or discounts paid or given, the names and addresses of the purchasers and a representation that the offers to sell such securities were not made to more than 35 persons. (Ill. Rev. Stat. 1977, ch. 121½, par. 137.4(G).) The Act also provides that it is a violation to engage in any practice or course of business in connection with the sale or purchase of securities "which works or tends to work a fraud or deceit upon the purchaser * * *." Ill. Rev. Stat. 1977, ch. 121½, par. 137.12(F).

On this record we must conclude that the statutory cause of action for violation of the Securities Act arises out of the same "transaction or occurrence set up in the original pleading." (Ill. Rev. Stat. 1977, ch. 110, par. 46(2).) Essentially, plaintiff's original pleading filed less than five months after the sale complained that defendants had misrepresented the assets, income and overhead costs of the corporation and that the corporate formalities were not being observed by the defendants; the amended complaint alleged that the defendants had failed to issue stock certificates, hold meetings or deliver the necessary documents to the plaintiff at the time of the sale; and the second amended complaint, again filed within the three-year limitation period, alleged that the defendants had solicited plaintiff for the purpose of causing him to invest in the stock of the Yacht Club and realleged the failure to issue the stock or change the corporate books. The statutory cause of action therefore arose out of the same transaction as the common law claim for fraud and in our view was not barred. *Halberstadt v. Harris Trust & Savings Bank*, 55 Ill. 2d 121 (1973); *McCullough v. Tomaich*, 20 Ill. App. 3d 262 (1974); *cf. Green v. Wolf Corp.*, 50 F.R.D. 220, 224-25 (S.D.N.Y. 1970).

We therefore reverse the judgment and remand the cause to the trial

court with directions to further proceed on count II of the third amended complaint.

Reversed and remanded with directions.

NASH and LINDBERG, JJ., concur.