CAROLYN A. WEIDNER, Plaintiff-Appellant, v. THE CARLE FOUNDATION HOSPITAL, Defendant-Appellee.

Fourth District   No. 4—87—0133

Opinion filed August 24, 1987.

Robert I. Auler, of Auler Law Offices, of Urbana, for appellant.

Stephen L. Corn and Kenneth F. Werts, both of Craig & Craig, of Mattoon, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff appeals from an order of the circuit court of Champaign County dismissing with prejudice the amendment to amended count IV of her complaint (amended count IV). The circuit court found amended count IV did not relate back to the date of the filing of the original complaint. Thus, it was untimely. Plaintiff argues the trial court erred in dismissing amended count IV because it arose out of the same transaction as the original complaint.

We affirm.

On April 22, 1985, plaintiff filed a medical malpractice action against Dr. Richard Dukes, the Carle Clinic Association, and the Carle Foundation Hospital. In count I, plaintiff alleged that in 1970 when she was five years old, Dukes negligently diagnosed her meningitis as influenza. Her condition deteriorated and was eventually diagnosed as meningitis. However, she suffered a total loss of hearing and inability to speak. Counts II and III alleged Carle Clinic Association was responsible for plaintiff's injuries on the basis of *respondeat superior*, agency, and vicarious liability. Count IV alleged that Carle Foundation Hospital, defendant, was responsible for Dukes' actions based upon an employment or agency relationship. The court combined counts II and III. Count IV was renumbered to count III.

Plaintiff voluntarily dismissed her claims against Dukes and Carle Clinic Association. Defendant, Carle Foundation Hospital, was granted summary judgment on the claim against it. However, plaintiff was granted leave to file an amendment to amended count IV without objection of defendant.

In amended count IV, plaintiff alleged Carle Foundation Hospital had a duty of care separate from the physician's duty to his patient to know the qualifications of its staff physicians and their standard of performance. Plaintiff also alleged Carle Foundation Hospital had a duty to review Dukes' and other physicians' treatment and supervise medical care given while in the hospital. Plaintiff alleged Carle Foundation Hospital breached these duties by failing to: ascertain the qualifications of its on-call physicians, including Dukes and others; ascer-

tain whether these physicians' performance complied with the community standard of care; periodically review staff physicians to insure they followed hospital practice; review plaintiff's treatment; and supervise the care given her.

The circuit court on reconsideration granted Carle Foundation Hospital's motion to dismiss amended count IV as untimely.

Plaintiff filed amended count IV after the expiration of the statute of limitations. Therefore, her claim is untimely unless it relates back to the original complaint. She argues that the initial complaint was sufficient to put Carle Foundation Hospital on notice of the possibility of the subsequent claim for its own negligence. Second, she argues amended count IV grew out of the same transaction as the complaint.

Section 2—616(b) of the Code of Civil Procedure states:

> "(b) The cause of action *** set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted *** in the amended pleading grew out of the same transaction or occurrence set up in the original pleading *** an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended." Ill. Rev. Stat. 1985, ch. 110, par. 2—616(b).

■■ This section permits the relation back of an amended pleading to avoid the impact of the statute of limitations if the original pleading was filed in a timely fashion and the original and amended pleadings indicate the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading. (*Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 489 N.E.2d 1342.) An amended complaint is deemed to relate back to the initial complaint when the initial complaint provides the defendant with all the information necessary to prepare his defense to the subsequently asserted claim. (*In re Estate of Chernyk* (1985), 138 Ill. App. 3d 233, 485 N.E.2d 1169; *Chestnut v. Adeli* (1985), 131 Ill. App. 3d 24, 475 N.E.2d 260.) The defendant is not prejudiced as long as he had timely notice of the facts which formed the basis of the subsequent claim.

■■ In the instant case, the initial pleading placed Carle Foundation Hospital on notice of its potential liability for Dukes' purported negligence in caring for plaintiff. Only Dukes' actions were alleged in the negligence claim. Amended count IV alleged Carle Foundation Hospi-

tal was negligent for not adequately ascertaining the qualifications of its staff physicians, supervising them, and reviewing their performance. These negligent acts resulted in plaintiff's injury.

These allegations of negligence are separate from the alleged malpractice which led to plaintiff's injuries. The facts established or raising a question of this type of negligence were not asserted in the initial pleadings. Therefore, Carle Foundation Hospital was not placed on notice of the subsequent claim. The trial court did not err in finding that it was barred by the statute of limitations. *Chestnut v. Adeli* (1985), 131 Ill. App. 3d 24, 475 N.E.2d 260.

For the above reasons, we affirm the trial court.

Affirmed.

LUND and KNECHT, JJ., concur.