JOSEPH VANCE, Plaintiff-Appellant, v. HUDSON GENERAL AVIATION SERVICE, Defendant-Appellee.

First District (4th Division)   No. 1—88—3557

Opinion filed May 31, 1990.

Constantine N. Dranias and Keith Harrington, both of Idarius, Dranias & Associates, of Chicago, for appellant.

Linda B. Conway, of Pretzel & Stouffer, of Chicago (Robert Marc Chemers, of counsel), for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Joseph Vance, appeals from an order of the circuit court of Cook County dismissing his amended complaint. The sole issue presented for review is whether plaintiff's amended complaint relates back to the time the original complaint was filed, thereby avoiding the impact of the statute of limitations.

We reverse.

On October 24, 1984, plaintiff alleged that he sustained injuries when he slipped and fell from a vehicle that was maintained by defendant, Hudson General Aviation Service. Plaintiff notes, however, that the vehicle was owned by his employer, Dobbs House, Inc.

On April 10, 1986, plaintiff filed a one-count complaint, within the statute of limitations period for personal injuries, against defendant. Plaintiff alleged that defendant negligently serviced vehicle No. 336 and failed to maintain the truck so as to prevent dirt, oil, grease, fuel and other slippery materials from accumulating on the vehicle. Plaintiff further alleged that defendant's negligence resulted in his slipping

and falling from the right rear bumper of the vehicle as he attempted to board.

On July 20, 1987, defendant filed a summary judgment motion alleging that it was not responsible for maintaining the vehicle so as not to permit grease, oil or other slippery materials to remain on the vehicle. Defendant's summary judgment motion was granted September 15, 1987. Plaintiff was not in court when defendant argued this motion.

Subsequently, plaintiff filed a motion to vacate the order granting defendant's summary judgment motion. On December 22, 1987, plaintiff sought leave to file an amended complaint. The only change plaintiff made in the amended complaint was the correction of the location of the accident from vehicle No. 336 to vehicle No. 478. On May 4, 1988, the court entered an order denying plaintiff's motion to vacate the order granting defendant's summary judgment motion. However, the court granted plaintiff leave to file his amended complaint.

Defendant then filed a motion to dismiss the amended complaint on the ground that plaintiff set forth a new cause of action, by correcting the location of the incident, which is barred by section 2—616 of the Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 2—616.) On October 24, 1988, relying upon the Illinois Supreme Court decision in *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, the court granted defendant's motion and dismissed plaintiff's amended complaint with prejudice. Plaintiff appeals from this court order.

Section 2—616(b) of the Code of Civil Procedure governs the general rule of relation back. The section provides, in pertinent part, as follows:

"(b) The cause of action *** set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserts *** in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege *** the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted, if the condition precedent has in fact been performed, and for the purpose of preserving the cause of action *** set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held

to relate back to the date of the filing of the original pleading so amended." Ill. Rev. Stat. 1987, ch. 110, par. 2—616(b).

■ An amended complaint, therefore, may relate back to the time the original complaint was filed if (1) the original complaint was timely filed, and (2) the original and amended complaints indicate that the cause of action asserted in the amended complaint grew out of the same transaction or occurrence set up in the original complaint. There is no dispute that plaintiff's original complaint was filed within the two-year period for personal injury actions. The issue is whether the amendment grew out of the same transaction or occurrence set up in the original complaint.

■ " 'The purpose of section 2—216(b) is to prevent a person from losing a cause of action due to technicalities.' " (*United Parcel Service v. Church's Fried Chicken, Inc.* (1988), 174 Ill. App. 3d 378, 380, quoting *Peoples Gas Light & Coke Co. v. Austin* (1986), 147 Ill. App. 3d 26, 33.) The modern approach to pleading is to resolve the litigation on the merits and avoid elevating questions of form over questions of substance. (*Republic Steel Corp. v. Industrial Comm'n* (1964), 30 Ill. 2d 311, 312-13.) Illinois courts are liberal in allowing amendments to pleadings after the statute of limitations has run. *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 278.

■ The trial court in the instant case found that the amended complaint was time barred since it did not relate back to the occurrence set forth in the original complaint. The court reasoned that the occurrence in the amended complaint was different because the accident was now alleged to have occurred on a different vehicle. The court analogized the instant case to *Zeh v. Wheeler* (1986), 111 Ill. 2d 266. Plaintiff, on the other hand, maintains that the early Illinois Supreme Court case of *Chicago City Ry. Co. v. McMeen* (1903), 206 Ill. 108, is more factually analogous to the instant case. We agree with plaintiff.

*Zeh v. Wheeler* was a premises liability case in which the plaintiff alleged in her original complaint that she sustained injuries when she fell while descending a common stairway of an apartment building located at 4400 South Wallace in Chicago. Plaintiff subsequently amended her complaint, after the expiration of the statute of limitations, correcting the address of the location of the incident to 4400 South Lowe in Chicago. Although the same management company was responsible for both of the named properties, the owners of the property at the Wallace address were not the same owners of the property at the Lowe address.

In finding that the amended complaint did not relate back to the

original complaint, the court held that the change of location substantially changed the occurrence. (*Zeh*, 111 Ill. 2d at 271.) The court found that the change of address in plaintiff's amendment "involves totally different conduct by different persons at a different time and at a different place." *Zeh*, 111 Ill. 2d at 275.

In the instant case, however, the parties are the same, the incident was within the same time frame, and the same duty of care was owed to plaintiff. The amendment did not change any of the parties or the duties owed. The only deviation from the original complaint was that a different vehicle number was named. We find this correction be a nonessential element to the cause of action under the circumstances of this case.

Defendant argues that pursuant to *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 275, although the duty owed to plaintiff is of the same general character in both the original and amended complaints, the vehicle, as distinguished by its number, would define the degree of care owed. We do not find, however, that the principle enunciated in *Zeh* should have general application to all slip-and-fall cases.

*Zeh* was a premises liability case. In Illinois, the degree of care owed by a landowner is determined, to an extent, by the common law distinctions made among the various classes of entrants on the land. (See *Gartley v. Chicago Housing Authority* (1975), 28 Ill. App. 3d 705.) The status of the parties may vary depending upon the situs of the incident. The location of the incident, therefore, may in fact define the degree of care owed in premises liability cases.

The instant case, however, is not, characteristically, a premises liability case nor does it involve two different parcels of land. We are not persuaded that the principle in *Zeh* should be applied to the instant case nor do we find any indication that the *Zeh* court intended that this principle should have blanket application to all slip-and-fall cases.

We also note that the *Zeh* court applied the reasoning of the early Illinois Supreme Court case of *Gillmore v. City of Chicago* (1906), 224 Ill. 490. (*Zeh*, 111 Ill. 2d at 275.) *Gillmore* was also a premises liability case in which the court held that the plaintiff's amended counts did not relate back to plaintiff's original complaint. The court found that failure to maintain the sidewalk at one place is not the same as failure to maintain the sidewalk at another place. "The act of negligence charged by the original and additional counts in the case at bar is a different act of negligence from that charged by the amended counts." (*Gillmore*, 224 Ill. at 494; see also *Zeh*, 111 Ill. 2d at 275, quoting *Gillmore*, 224 Ill. at 494.) We are not, however, persuaded

that in the instant case the negligence alleged in the original complaint is different from the negligence alleged in the amended complaint.

Moreover, *Gillmore* distinguished *Chicago City Ry. Co. v. McMeen* (1903), 224 Ill. 108, the case upon which plaintiff relies, on the facts. The *Gillmore* court found the allegation of negligence in failing to properly manage and control a certain train of streetcars in *McMeen* was different from that of the *Gillmore* plaintiff's allegation of negligence in a municipality's failure to maintain a sidewalk. "Neglect to keep a sidewalk in repair at one place is not the same wrong as neglect to keep a sidewalk in repair at another place, and this case is therefore readily distinguished from the *McMeen* case." (*Gillmore*, 224 Ill. at 494.) We find *McMeen* to be more congruous with the instant case.

In *McMeen*, the plaintiff charged the defendant railway company with failing to maintain and control a certain train of streetcars so as to prevent one of its cars from running into the car on which plaintiff was a passenger. In plaintiff's original complaint, he alleged that the incident occurred on the State Street line, on State Street, at a point between 38th and 39th Streets in Chicago. After the statute of limitations had run, plaintiff amended his complaint to allege that the incident took place on the Cottage Grove Avenue line, on Cottage Grove Avenue, at a point between 38th and 39th Streets.

The Illinois Supreme Court found that a new cause of action had not been stated when plaintiff changed the name of the streetcar line involved and the location of the incident in the amended complaint. The court held that under these circumstances, particularizing the location was not essential or necessary to maintaining a cause of action against the defendant. *McMeen*, 206 Ill. at 116.

The court applied the following test in determining whether an amendment states a new cause of action.

"Did an amendment substituting one unnecessary and non-essential allegation for another just as unnecessary and just as non-essential to the cause of action introduce a new and distinct cause of action? We think the answer is clear that it did not. The right, duty, injury and liability are all precisely the same. It sets up the same right of the plaintiff to be secure from injury, the same duty of the defendant to observe that right, and, in the same words, the same breach of that duty and the same violation of that right." *McMeen*, 206 Ill. at 118.

Similarly, in the instant case, the amended complaint did not introduce a new and distinct cause of action. Plaintiff's right to be se-

cure from injury, defendant's duty to observe that right, defendant's alleged breach of that duty, and the alleged violation of plaintiff's right to be secure from injury did not vary in the amended complaint. We, therefore, find that plaintiff's amended complaint did relate back to the original complaint and, thus, was not barred by the statute of limitations.

■ Defendant also maintains that prejudice would enure to it in investigating and defending this case if plaintiff were permitted to amend his complaint. We disagree. "The basic policy of [the statutes of limitation] is to afford a defendant a fair opportunity to investigate the circumstances upon which liability against him is predicated while the facts are accessible." (*Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, 289-90.) We do not find that by the filing of the amended complaint the facts became any less accessible to defendant as defendant possesses the records for the vehicles it services.

Prejudice may not be claimed as the result of filing an amendment if the party's attention is directed, within the time prescribed or limited, to the facts that form the basis for the asserted claim. (*United Parcel Service v. Church's Fried Chicken, Inc.* (1988), 174 Ill. App. 3d 378, 381.) We are not persuaded that defendant was not on notice as to the basic facts which formed the basis of this negligence action. We find, therefore, that defendant did not suffer prejudice as a result of plaintiff's amended complaint.

For the foregoing reasons, the judgment of the circuit court is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

McMORROW, P.J., and LINN, J., concur.