JOY KENNEDY, Plaintiff-Appellant, v. ANGELA KING, Defendant-Appellee.

Fourth District   No. 4—93—0429

Opinion filed November 15, 1993.

Warren E. Danz and David A. Daniels, both of Warren E. Danz, P.C., of Peoria, for appellant.

Glen A. Featherstun and Jerrold H. Stocks, both of Winters, Prince, Featherstun, Johnson & Gaumer, of Decatur, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff, Joy Kennedy, appeals from the order of the circuit court of Macon County denying her motion for leave to file an amended complaint in a personal injury action. (Ill. Rev. Stat. 1991, ch. 110, par. 2—616(a).) We affirm.

On January 9, 1991, Kennedy was involved in an automobile accident with a car driven by Raymond Hess and owned by Angela King, Hess' mother. On January 27, 1992, Kennedy filed this action against King. Hess was not named as a defendant. The complaint alleged the accident occurred on January 9, 1991, at the intersection of Eldorado and Monroe Streets and "[t]hat at the aforementioned time and place, defendant, ANGELA KING, was operating here [sic] motor vehicle on said Eldorado Street." The complaint further alleged notwithstanding the duty to exercise reasonable care, King

"committed one or more of the following negligent acts and/or omissions:

a. Defendant negligently and carelessly failed to keep a proper lookout ahead;

b. Defendant negligently and carelessly failed to keep the vehicle she was then and there operating under safe and proper control;

c. Defendant negligently and carelessly drove at an excessive rate of speed."

In her deposition on June 30, 1992, Kennedy testified the driver of the other car was a young male. She exchanged insurance information with the man; the name on the insurance card provided by the man was Angela King. Kennedy also provided the following testimony:

"Q. In this lawsuit you have sued Angela King, right?

A. Warren did.

Q. You're the Plaintiff and Angela King is the Defendant, right?

A. Yeah.

Q. Okay. Do you have any, and there's an allegation here in paragraph four that the aforementioned time and place Defendant, Angela King, was operating her motor vehicle on said Eldorado Street City of Decatur. I quoted that. Do you have any information whatsoever that Angela King was operating a motor vehicle at the time of your collision?

A. I have never seen her in my life.

Q. Well, in fact, the person that was operating the other motor vehicle at the time of the occurrence was not even a female, right?

A. No, it was a boy, man, something, young man.

Q. So, this allegation here in the complaint in which you have sued Angela King paragraph four is absolutely incorrect, right?

A. It was her son or grandson, it was a relative driving that car.

Q. But paragraph number four there is absolutely incorrect isn't it?

A. Did Warren do this? He has misunderstood it if he did. Yeah, he has misunderstood that.

Q. My question to you is not what Warren Danz understands or doesn't understand.

A. There was a young man or boy driving that car.

Q. So, it's absolutely incorrect the allegation that at the time and place of the accident Angela King was operating the motor vehicle?

A. She wasn't in it."

On August 26, 1992, King's deposition was taken. King testified she had not been involved in an accident in January 1990. She testified her son, Raymond Hess, advised her he had been in an accident while driving her car.

On September 25, 1992, Kennedy filed a motion to expedite the trial date, asserting she was ready to proceed to trial. The trial date was set for May 17, 1993. King filed a motion for summary judgment, alleging the uncontroverted facts did not support the allegations in the complaint. Although the uncontroverted facts were elicited in depositions in the summer of 1992, King delayed the filing of the mo-

tion for summary judgment until April 29, 1993, *after* the statute of limitations for the filing of another negligence action had run, and shortly before the matter was to be tried. On May 11, 1993, Kennedy filed a motion for leave to file an amended complaint alleging Hess had caused the accident through his negligence and was either an agent of King, or King had negligently entrusted the car to him. On May 13, 1993, four days before the scheduled trial date, a hearing was held on the motions. The trial court denied the motion for leave to amend the complaint and granted the motion for summary judgment. Kennedy appeals the denial of the motion to amend the complaint.

■ Amendments to a complaint are permissible at any time prior to final judgment. (Ill. Rev. Stat. 1991, ch. 110, par. 2—616(a).) However, parties do not have an absolute right to amend their pleadings. (*Ennis v. Illinois State Bank* (1969), 111 Ill. App. 2d 71, 75, 248 N.E.2d 534, 536.) Rather, the determination of whether pleadings may be amended is committed to the sound discretion of the trial court. (*Delzell v. Moore* (1992), 224 Ill. App. 3d 808, 812, 587 N.E.2d 1131, 1134.) While amendments to pleadings should be liberally allowed, whether an amendment, particularly a late amendment, is allowed is within the sound discretion of the trial court. *Martin v. Yellow Cab Co.* (1990), 208 Ill. App. 3d 572, 576, 567 N.E.2d 461, 464-65.

We have previously stated the factors which are to be considered in reviewing the propriety of the denial of a motion to amend the pleadings include (1) whether the proposed amendment would cure the defective pleading; (2) whether the proposed amendment would cause prejudice or surprise to the defendant; (3) the timeliness of the proposed amendment; and (4) whether previous opportunities to amend the pleadings could be identified. (*Starnes v. International Harvester Co.* (1989), 184 Ill. App. 3d 199, 205, 539 N.E.2d 1372, 1375.) The first factor is an important one and may be determinative of the question on review, where, as a matter of law, the proposed amended complaint would be subject to immediate dismissal, due to some inherent defect. It would be incongruous and an inefficient use of judicial resources for a reviewing court to reverse, finding leave to amend should have been granted, based on timeliness and lack of prejudice, where the pleadings would have continued to be fatally defective had the amendment been allowed.

Resolution of the first factor in the present case turns upon whether the amended complaint relates back to the filing of the original complaint. The applicable statute of limitations provides actions for damages arising for personal injury must be filed within two years

after the cause of action accrued. (Ill. Rev. Stat. 1991, ch. 110, par. 13—202.) Kennedy's cause of action accrued on January 9, 1991, and the time for filing an action, therefore expired on January 9, 1993. A claim set forth in amended pleadings will not be barred by the statute of limitations if it grew out of the same transaction or occurrence set up in the original complaint. (Ill. Rev. Stat. 1991, ch. 110, par. 2— 616(b).) The proposed amended complaint, filed May 11, 1993, is barred by the statute of limitations unless it related back to the original complaint which was timely filed.

The trial court found the amended complaint did not relate back to the original complaint as it changes the entire theory of the case. Kennedy's proposed amended complaint asserted King was liable to her as the result of an automobile accident allegedly caused by Hess. Where both the original and amended complaint assert defendant is liable for an action caused by another, differing only in the theory under which such liability is to be found, the amended complaint will likely relate back to the original one. (See, *e.g.*, *Whitney v. City of Chicago* (1987), 155 Ill. App. 3d 714, 719, 508 N.E.2d 293, 297.) However, where one complaint alleges liability predicated upon defendant's own actions and the other complaint alleges defendant to be liable for the actions of, or an incident caused by, another, the amended complaint is unlikely to relate back to the original one. See *Weidner v. Carle Foundation Hospital* (1987), 159 Ill. App. 3d 710, 713, 512 N.E.2d 824, 826.

*Weidner* is remarkably similar to the present case. The sole difference between the two cases is that in *Weidner* the original complaint asserted defendant was responsible for the actions of another and the amended complaint asserted defendant was liable for its own conduct, while in the present case the original complaint was directed toward defendant's own action and the amended complaint to her liability for the actions of another. However, this reversal does not affect the application of the analysis.

In *Weidner*, plaintiff filed a complaint alleging a hospital was liable for injuries arising from the alleged misdiagnosis of one of its physicians. She sought to file an amended complaint alleging the hospital was liable as the result of its alleged negligence in failing to adequately ascertain the credentials of, supervise, and review the performance of, its staff physicians. (*Weidner*, 159 Ill. App. 3d at 712-13, 512 N.E.2d at 826.) We held the allegations in the amended complaint were separate from the allegations of negligence in the original complaint and the original complaint did not put the hospital on notice of the later claim. Accordingly, the claim set forth in the proposed

amended complaint did not relate back to the original complaint and was barred by the statute of limitations. *Weidner*, 159 Ill. App. 3d at 712-13, 512 N.E.2d at 825-26.

■ Similarly, in the present case, negligent entrustment and liability for the negligence of Hess under an agency theory were separate claims from the claim raised in the original complaint, which was that King negligently operated a motor vehicle. The original complaint did not put King on notice of the later claims raised by Kennedy.

Accordingly, the claims raised in the proposed amended complaint did not relate back to the original complaint, and the original complaint is, therefore, barred by the statute of limitations. Since a complaint setting forth claims barred by the statute of limitations is subject to dismissal (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(5)), the trial court did not err in denying leave to file the amended complaint.

The order of the circuit court of Macon County is affirmed.

Affirmed.

STEIGMANN, P.J., and McCULLOUGH, J., concur.