JOHN YETTE, Plaintiff-Appellant, v. CASEY'S GENERAL STORES, INC., Defendant-Appellee.

Fourth District    No. 4—93—0796

Argued May 17, 1994.—Opinion filed June 16, 1994.—Rehearing denied July 19, 1994.

Brian Allen Kuehn and M. Michael Waters (argued), both of Smith, Waters, Kuehn & Hughes, Ltd., of Peoria, for appellant.

David E. Krchak (argued), of Thomas, Mamer & Haughey, of Champaign, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

On December 22, 1992, plaintiff, John Yette, sued defendant, Casey's General Stores, Inc., for injuries he sustained on December 22, 1990, when he fell on an icy sidewalk adjacent to the premises owned

by defendant. The complaint alleged that defendant had cleared and salted its parking lot but negligently failed to salt or remove the ice from the sidewalk in front of its doorway. On defendant's motion, the complaint was dismissed without prejudice.

In April 1993, more than two years after the date of the occurrence, plaintiff filed an amended complaint in two counts. Count I essentially restated the allegations of the original pleading, adding that defendant made "ineffectual attempts" to salt the sidewalk. Count II alleged that the building's siding was designed to facilitate the runoff of rain, snow, and ice and that this condition, together with the absence of eaves, troughs, or gutters, allowed an unnatural accumulation of ice to collect on the sidewalk. Defendant filed a motion to dismiss count I based upon the absence of an allegation that defendant caused an unnatural accumulation of ice or snow. Defendant also moved to dismiss count II on the grounds that (1) it was barred by the two-year statute of limitations (see 735 ILCS 5/13—202 (West 1992)), and (2) it failed to allege an occurrence relating back to the original complaint. The court granted the motion to dismiss but permitted plaintiff to file a second-amended complaint. Instead of amending his complaint, plaintiff filed a motion to reconsider. Following a hearing, the court denied the motion. Plaintiff appeals, and we affirm.

## I. PLAINTIFF'S CLAIM THAT DEFENDANT NEGLIGENTLY FAILED TO SALT ITS SIDEWALK

Plaintiff first argues that the trial court erred in dismissing count I of his amended complaint for failure to state a cause of action. (See 735 ILCS 5/2—615 (West 1992).) In count I, plaintiff alleged only that defendant failed to adequately salt the area of the sidewalk where he slipped and fell. Citing *Cupp v. Nelson* (1972), 5 Ill. App. 3d 37, 282 N.E.2d 513, he argues that the law provides that salting some areas of the premises but not others constitutes a negligent removal attempt. We disagree.

In *Cupp*, the defendant landlord admitted that he owed a duty to maintain the premises in a reasonably safe condition. When the plaintiff proved she slipped and fell on an icy stair tread which the defendant had not salted, the only issue was whether the defendant had been negligent in fulfilling that duty. *Cupp*, 5 Ill. App. 3d at 40-41, 282 N.E.2d at 516-17.

■ The rule in Illinois, which applies to this case, is that a business owner owes no duty to invitees to remove natural accumulations of ice and snow. However, when he chooses to do so, he has a duty not to cause unnatural accumulations. *Watson v. J.C. Penney Co.* (1992), 237 Ill. App. 3d 976, 978, 605 N.E.2d 723, 724-25.

In this case, count I merely alleges that defendant failed to salt the ice on some areas of its premises although defendant salted other areas. However, plaintiff does not allege an unnatural accumulation resulting from defendant's selective salting of the premises. Accordingly, count I of the amended complaint failed to state a cause of action, and the trial court properly dismissed it.

## II. PLAINTIFF'S CLAIM THAT HIS AMENDED COMPLAINT RELATED BACK TO HIS ORIGINAL COMPLAINT

■ Plaintiff next argues the trial court erred in dismissing count II of his amended complaint as untimely for failure to relate back to the date of the original pleading. Although actions based on personal injuries must be filed within two years after the cause of action accrued (see 735 ILCS 5/13—202 (West 1992)), an amendment will relate back to the filing of the original complaint if (1) the original pleading was timely filed, and (2) the original and amended pleadings indicate the cause of action grew out of the same transaction or occurrence set forth in the original pleading. 735 ILCS 5/2—616(b) (West 1992); *Wolf v. Meister-Neiberg, Inc.* (1991), 143 Ill. 2d 44, 46, 570 N.E.2d 327, 329.

Because plaintiff's cause of action accrued on December 22, 1990, his time for filing a complaint based upon that cause expired on December 22, 1992, the date in fact he filed his original complaint. Count II of the amended complaint, filed in April 1993, is therefore barred unless it relates back to the occurrence set forth in plaintiff's original complaint. Illinois courts are liberal in allowing amendments to pleadings after the running of a statute of limitations, reflecting a policy which favors the resolution of disputes on the merits. See *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 278, 489 N.E.2d 1342, 1348; *Whitney v. City of Chicago* (1987), 155 Ill. App. 3d 714, 718, 508 N.E.2d 293, 296.

Plaintiff's original complaint alleged he fell and was injured on an ice accumulation defendant failed to salt. Count II of the amended complaint alleged plaintiff fell and was injured on ice accumulation caused by runoff from a design or maintenance defect in defendant's building (an unnatural accumulation). Plaintiff cites several cases holding that (1) the relation back statute contemplates that an amended pleading may set forth a new cause of action or theory of liability which arises out of the same transaction or occurrence (*Lautz v. Pier V* (1979), 68 Ill. App. 3d 290, 291-92, 386 N.E.2d 105, 106; *Sompolski v. Miller* (1992), 239 Ill. App. 3d 1087, 1090, 608 N.E.2d 54, 56-57; *Whitney*, 155 Ill. App. 3d at 719, 508 N.E.2d at 296-97); (2) the amended pleading will relate back when it merely corrects a

nonessential element of the cause of action (*Vance v. Hudson General Aviation Service* (1990), 199 Ill. App. 3d 736, 740, 557 N.E.2d 530, 532); and (3) the matters alleged in the original complaint and the amended complaint are sufficiently interwoven to preclude prejudice to the defendant. (See *Brooks v. Essex Crane Rental Corp.* (1992), 233 Ill. App. 3d 736, 745, 599 N.E.2d 111, 116.) However, we find none of those cases pertinent to this case.

In providing a relation back provision under section 2—616(b) of the Code of Civil Procedure as an exception to the generally applicable statute of limitations for personal injury actions, the legislature struck a balance between a preference for resolving disputes on their merits and preventing surprise or prejudice to a party resulting from a lack of notice of the conduct or condition upon which liability is asserted against him. The purpose of the "same transaction or occurrence" rule is to insure that this notice has been communicated within the statutory period.

■ In this case, the only transaction or occurrence alleged in *both* the original and the amended complaints is that plaintiff fell on the ice while on defendant's premises. This limited pleading is insufficient to notify defendant that the condition of its building is a material fact upon which plaintiff's theory of liability or cause of action is predicated. In *Kennedy v. King* (1993), 252 Ill. App. 3d 52, 623 N.E.2d 955, this court rejected a similar claim where the only "occurrence" alleged in both the original complaint and the amendment filed after the running of the statute was an automobile accident for which liability was asserted against the defendant. In *Kennedy*, the original complaint alleged liability predicated upon the defendant's own action in operating the automobile; the amended complaint alleged the defendant was liable for the actions of another who had operated the automobile at the time of the accident. (*Kennedy*, 252 Ill. App. 3d at 54-55, 623 N.E.2d at 366-67.) We noted that the original complaint failed to put the defendant on notice of material facts supporting the later claims based on agency. (*Kennedy*, 252 Ill. App. 3d at 57, 623 N.E.2d at 958.) As in *Kennedy*, plaintiff here failed to apprise defendant of material facts in his original complaint upon which he later asserted his theory of liability.

Plaintiff's original pleading asserted that defendant "negligently and carelessly failed to salt or otherwise remove the ice from the sidewalk adjacent to the front of the building and the door," a theory based on negligent acts or omissions of defendant's corporate agents related to the sidewalk. In the amended complaint, plaintiff's count II alleges the building's design facilitated the runoff of rain and snow, causing an unnatural accumulation of ice on the sidewalk.

Thus, as in *Kennedy*, these amended pleadings were based on conduct or conditions different from those alleged in the original complaint and for which defendant had no notice. The original complaint did not apprise defendant prior to the running of the statute that the condition of its building was a material element of plaintiff's claim. Accordingly, we hold that plaintiff's original and amended pleadings do not arise from the same transaction or occurrence.

## III. CONCLUSION

For the reasons stated, we affirm the judgment of the circuit court.

Affirmed.

McCULLOUGH, P.J., and LUND, J., concur.