2019 IL App (1st) 181316
No. 1-18-1316
Filed: June 10, 2019

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| CYNTHIA BAILEY, | ) | Appeal from the Circuit Court of |
| | ) | Cook County, Law Division. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 16 L 006564 |
| GRAHAM ENTERPRISES, INC., | ) | |
| a domestic corporation, and | ) | |
| RED CROWN HOLDINGS, LLC, | ) | |
| a limited liability company, | ) | Honorable |
| | ) | Kathy M. Flanagan, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE GRIFFIN delivered the judgment of the court, with opinion.
Presiding Justice Mikva and Justice Walker concurred in the judgment and opinion.

**OPINION**

¶ 1 Plaintiff Cynthia Bailey sustained injuries to her left knee when she slipped and fell on a slush-covered handicap parking symbol in a gas station parking lot. She filed a personal injury action against defendants Graham Enterprises, Inc. and Red Crown Holdings, LLC claiming they were negligent and liable for her injuries. Defendants filed a motion for summary judgment arguing that plaintiff slipped on a natural accumulation of slush and under the natural accumulation rule, which holds that a property owner has no duty to remove natural accumulations of ice, snow or water from its property, plaintiff's claim failed as a matter of law.

¶ 2 In response to defendants' motion, plaintiff argued that the natural accumulation rule did not apply because she slipped on the paint atop the handicap symbol, which became

unreasonably slippery when wet as a result of defendants' improper design, construction and maintenance of the symbol. Plaintiff attached to its response an expert witness affidavit.

¶ 3    Defendants moved the trial court to strike the affidavit and in their reply, reaffirmed that the natural accumulation rule precluded plaintiff's recovery as a matter of law. The trial court struck plaintiff's affidavit as inadmissible and granted summary judgment in favor of defendants after finding the evidence failed to establish a duty on the part of defendants to remove the natural accumulation of slush from their property.

¶ 4    Plaintiff appeals, and argues that the trial court erred when it struck her affidavit and entered summary judgment in favor of defendants. For the following reasons, we reverse.

¶ 5                                    BACKGROUND

¶ 6    On January 7, 2015, plaintiff went to a gas station located at 841 West Irving Park Road in Chicago. The parking lot had been plowed earlier that day and salt was used to melt the remaining snow. Upon exiting the gas station's store, plaintiff slipped and fell on a handicap symbol covered in slush. The symbol was painted on the asphalt ground to designate a handicap parking space directly in front of defendants' store. Plaintiff notified a gas station employee about her fall, who promptly reviewed video surveillance footage, took pictures of the handicap symbol and surrounding area, and prepared an incident report.

¶ 7    On July 1, 2016, plaintiff filed a lawsuit against defendants in the circuit court of Cook County claiming they were liable for her injuries. Plaintiff pleaded several claims sounding in negligence. Defendants answered the complaint and denied all material allegations thereby placing the parties at issue. Discovery commenced and concluded.

¶ 8    Defendants filed a motion for summary judgment pursuant to section 2-1005 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1005 (West 2016)), which allows a trial court to

enter judgment short of trial when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In their motion, defendants argued that the evidence showed plaintiff slipped on a natural accumulation of slush and under the natural accumulation rule in Illinois, defendants had no legal duty to remove the slush from their property.

¶ 9    In her response to the motion, plaintiff argued that the natural accumulation rule did not apply because she slipped on the paint atop the handicap symbol, which became unreasonably slippery when wet as a result of defendants' improper design, construction and maintenance of the symbol. Plaintiff attached to her response a supporting affidavit pursuant to Illinois Supreme Court Rule 191(a) (Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013)) (Rule 191(a)), which governs the use of affidavits in opposition to a motion for summary judgment.

¶ 10    In the affidavit, expert witness Daniel Robson ("Robson") stated that, based on his review of the deposition testimony of the witnesses, the video tape of plaintiff's fall, the incident report prepared by defendants' employee and the photographs taken of the handicap symbol on January 7, 2015, the "root cause of [plaintiff's] fall was that she slipped on the handicap parking symbol which was contaminated with slush." He further concluded that the slush "on the smooth painted surface caused a sudden and unexpected change in the co-efficient of friction of the surface of the painted symbol to a value which was unreasonably dangerous for the public asphalt parking lot, causing [plaintiff] to slip, fall and be injured." Robson's conclusions were based in part on certain testing he performed. Robson outlined the testing procedure and results in the affidavit.

¶ 11    Robson attested that he inspected the scene of the incident on November 16, 2017 and later chose a test site that had "some similar areas of asphalt texture" and the "same slope as [defendant's] lot." He purchased "Sherwin-Williams Pro-Park Traffic Paint" and "H&C

SharkGrip Slip Resistant Additive," both of which according to Robison were materials used by defendants' painting contractor, Craig Phillips, to paint the handicap symbol in defendants' parking lot. He reviewed the "product data sheets, directions and warnings" for each product and concluded that, "according to the data," the slip-resistant additive would "have to be refreshed every ninety (90) days since [it] is walked off by pedestrian and motor vehicle traffic."

¶ 12    Robson painted a handicap symbol on the test parking lot ("Test Symbol") on March 29, 2018 and tested the dry and wet "co-efficient of friction values" of the Test symbol with a slip tester. He determined that the "wet values of the tested locations demonstrate that the painted handicap symbol was slipperier than the unpainted asphalt" and those values fell below what was "widely accepted to be a reasonably slip resistant condition under normal walking conditions." Robson stated that given "wear and slush conditions" on January 7, 2015, the wet values of the handicap symbol in defendant's parking lot would have been "lower" than the wet values of the Test Symbol on March 29, 2018. Robson concluded: "[t]his means that the [defendant's] handicap symbol had a lower co-efficient of friction value equating to greater slipperiness than a dry symbol."

¶ 13    Defendants moved to strike the affidavit arguing that it was speculative and lacked foundation. Defendants contended that Robson failed to state in his affidavit whether he "actually mixed the SharkGrip with the Sherwin-Williams paint" and overall, relied "on guess and speculation regarding the co-efficient of friction on the area of parking lot where plaintiff fell at the time she fell." In their reply, defendants reaffirmed that the evidence showed plaintiff slipped on a natural accumulation of slush which they had no duty to remove.

¶ 14    In a written order entered on May 30, 2018, the trial court struck plaintiff's affidavit and entered summary judgment in favor of defendants and against plaintiff. The trial court found

4

Robson's affidavit inadmissible and concluded that in absence of the affidavit, "all we are left with is a natural accumulation of slush for which the Defendant's owed no duty to remove."

¶ 15    The trial court found the affidavit failed to provide "any basis upon which to make a "meaningful comparison" between the Test Symbol and the handicap symbol in defendants' parking lot. The trial court pointed to Robson's failure to attest to mixing the paint and "SharkGrip" additive in the same way defendants' mixed the materials as failing to establish the foundation necessary to demonstrate that the composition of the Test Symbol was similar to the handicap symbol in defendant's parking lot.

¶ 16    Plaintiff appeals, and seeks a reversal of the trial court's judgment on the basis that it erred when it struck her affidavit and granted summary judgment in favor of defendants.

¶ 17                                    ANALYSIS

¶ 18    The issues on appeal are whether the trial court erred when it struck plaintiff's affidavit and entered summary judgment in favor of defendants.

¶ 19    Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005 (West 2016). Although summary judgment is encouraged as an aid in the expeditious disposition of a lawsuit, it is a drastic means of disposing of litigation and should only be allowed when the right of the moving party is clear and free from doubt. *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 271 (1992).

¶ 20    The purpose of summary judgment is not to try a question of fact, but to determine if one exists. *Robidoux v. Oliphant*, 201 Ill. 2d 324, 335 (2002). A plaintiff is not required to prove his case at the summary judgment stage, but in order to survive a motion for summary judgment the

nonmoving party must present a factual basis that would arguably entitle the party to a judgment. *Id*. We review the trial court's decision to grant summary judgment *de novo*, and construe all evidence in the record strictly against the moving party and liberally in favor of the nonmoving party. *Hastings v. Jefco Equipment Co.*, 2013 IL App (1st) 121568, ¶ 4.

¶ 21 An affidavit submitted in the summary judgment context, such as the affidavit plaintiff submitted here, serves as a substitute for testimony at trial and therefore must strictly comply with Rule 191(a) "to ensure that trial judges are presented with valid evidentiary facts upon which to base a decision." *Oliphant*, 201 Ill. 2d at 336 citing *Solon v. Godbole*, 163 Ill. App. 3d 845, 851 (1987). When a trial court rules on a motion to strike an affidavit in conjunction with a motion for summary judgment, as the trial court did here, we review the trial court decision *de novo*. *Snow v. Power Construction Co., LLC*, 2017 IL App (1st) 151226, ¶ 79.

¶ 22 Rule 191(a) provides that affidavits in opposition to a motion for summary judgment "shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all documents upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." An affidavit satisfies the requirements of Rule 191(a) if as a whole it appears the affidavit is based on the personal knowledge of the affiant and there is a reasonable inference that the affiant could competently testify to its contents. *Safeway Insurance Co. v. Ebijimi*, 2018 IL App (1st) 170862, ¶ 39. On a motion to strike a Rule 191(a) affidavit, a trial court should grant a motion to strike "only the tainted portions" of the affidavit should be stricken and any remaining portions that satisfy the rule should be saved. *Id*. citing *Murphy v. Urso*, 88 Ill. 2d 444, 463 (1981).

6

¶ 23    We find that the trial court erred in striking the entirety of the statements contained in plaintiff's affidavit. While experiments such as the one Robson performed in this case need only be substantially similar conditions of the accident and not identical (*Lorenz v. Pledge*, 2014 IL App (3d) 130137, ¶ 18), there were certainly aspects of Robson's testing that were not worthy of evidentiary consideration by the trial court. However, some of Robson's statements were free of taint and should have been saved by the trial court. *Urso*, 88 Ill. 2d at 463.

¶ 24    Robson's expert qualifications were at no time challenged and no counter-affidavit was filed by defendants. He stated in his affidavit that, based upon his review of the "product data sheets, directions and warnings" for the materials used by defendants' contractor Craig Phillips to paint the handicap symbol, the "H&C SharkGrip Slip Resistant Additive" would have to be "refreshed every ninety (90) days since the Shark Grip is walked off by pedestrian and motor vehicle traffic." Robson attached sworn copies of the documents upon which he based this attestation to his affidavit. Robson further stated that he reviewed the security video of plaintiff's fall, the incident report prepared by defendants' manager, the photos taken of the scene on the date in question and plaintiff's deposition testimony, which included her statement that she fell "[r]ight here in between – in between the little handicap chair thing, sign, symbol *** (pointing to a picture of the handicap symbol taken by defendants' employee on the day of her fall) because it was slippery." Based on his review, Robson opined that plaintiff slipped on the painted handicap symbol, not the slush, and that when wet the symbol was unreasonably slippery for pedestrian traffic.

¶ 25    It appears these statements were sufficiently based upon Robson's personal knowledge and there is a reasonable inference he could competently testify to them based upon his expertise and review of the sworn material he attached to his affidavit. *Safeway Insurance Co.*, 2018 IL

170862, ¶ 39. The believability of Robson's opinion is a different consideration that cannot support a decision to strike the affidavit as inadmissible. *Smith v. Chicago Park District*, 269 Ill. App. 3d 812, 816 (1995) (finding that "scant specific facts" offered in support of an expert opinion is a matter that goes to the weight and not to the admissibility of the expert's opinion and the believability of such an opinion is for a trier of fact to resolve rather than a judge or judges).

¶ 26    Accordingly, at least parts of the affidavit were free from taint and met the standards of Rule 191(a) such that the trial court should not have stricken the affidavit in its entirety. We turn to address the issue of whether summary judgment was appropriate in this case.

¶ 27    On appeal, the parties focus primarily on the issue of whether the natural accumulation applied to bar plaintiff's recovery. Under the natural accumulation rule, a landowner or possessor of real property has no duty to remove natural accumulations of ice, snow, or water from its property. *Krywin v. Chicago Transit Authority*, 238 Ill. 2d 215, 227 (2010). There is also no duty to warn of such conditions. *Reed v. Galaxy Holdings, Inc.*, 394 Ill. App. 3d 39, 43 (2009). There is, however, an exception to the rule. If the accumulation of ice and snow becomes unnatural due to the defective design or construction, or improper maintenance of the landowner's premises which are under his control, then the rule does not apply. *Bloom v. Bistro Restaurant Limited Partnership*, 304 Ill. App. 3d 707, 711 (1999) (finding that an undue burden does not arise as a result of requiring property owners "not to add to the difficulties facing Illinois residents from natural accumulations of ice and snow by permitting unnatural accumulations due to defective construction or improper or insufficient maintenance of the premises" under their control).

¶ 28    While this exception may apply, we do not find it necessary to analyze this case in the context of the natural accumulation rule because the central issue is whether the painted handicap symbol became unreasonably slippery when wet regardless of whether the wetness was natural

or unnatural in source. See *Buscaglia v. United States*, 25 F.3d 530, 535 (7th Cir. 1994) (finding that the plaintiff presented a sufficient factual basis to survive a motion for summary judgment on theory that the composition of the floor in combination with an accumulation of water caused the slip, fall and sustain injury). In the context of this case, the natural accumulation rule is an "analytic sidetrack." See *Bloom*, 304 Ill. App. 3d at 712 (Wolfson, J., specially concurring).

¶ 29    To prevail on a claim of common law negligence, a plaintiff must establish the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach. *Ward v. K Mart Corp.*, 136 Ill. 2d 132, 140 (1990). An operator of a business owes his invitees a duty to exercise reasonable care to maintain his premises in a reasonably safe condition for their use. *Pageloff v. Gaumer*, 365 Ill. App. 3d 481, 483 (2006). When the landowner prescribes a means of ingress and egress, it has a duty to illuminate properly and give adequate warning of a known, dangerous condition, or it must repair the condition. *Richter v. Burton Inv. Properties, Inc.*, 240 Ill. App. 3d 998, 1002 (1993). Defendants, as owners of the gas station and the store on their property, had an ordinary common law duty to maintain the premises within their control in a reasonably safe condition and to warn gas station customers about known dangerous conditions on its property.

¶ 30    We hold that summary judgment in this case was inappropriate because the evidence contained in the record, construed strictly against the moving party and liberally in favor of the nonmoving party, presents a sufficient factual basis upon which a trier of fact *could* find in favor of plaintiff on the theory that defendants' failure to maintain the painted handicap symbol resulted in a change to its slip-resistant composition, which made the symbol unreasonably slippery when wet and caused plaintiff's injuries. Whether plaintiff will prevail on the merits of her negligence action at trial is not for us to determine.

¶ 31    Plaintiff stated in her deposition testimony that she slipped on the handicap symbol in defendants' parking lot upon exiting the gas station store and that the symbol was slippery. The deposition testimony of defendants' painting contractor, Craig Phillips, shows that he painted the handicap symbol with "Sherwin-Williams Pro-Park Traffic Paint" and added to the paint "H&C SharkGrip Slip Resistant Additive" for the purpose of making it grippier "so somebody doesn't slip." Phillips testified that he did not know how long "SharkGrip" was supposed to last, could not recall if he painted the handicap symbol since 2014 and stated that he repainted the handicap symbol "basically" on a yearly basis, but "we could be there twice a year." Defendants' employee cashier, Kevin Ndlovu, testified in a deposition that the handicap symbol would fade "constantly" as a result of pedestrian traffic and would be repainted more than once a year.

¶ 32    The literature in the record on "Sherwin-Williams Pro-Park Traffic Paint" warns that "[p]ainted surfaces can become slippery when wet" and indicates that some "surfaces may require a slip resistant additive for safety." The literature suggests the use of "SharkGrip" as an additive. Robson stated in his affidavit that, based on his review of the "product data sheets, direction and warnings" for the materials used by Philips to paint the handicap symbol, the slip-resistant additive would "have to be refreshed every ninety (90) days since Shark Grip is walked off by pedestrian and motor vehicle traffic."

¶ 33    The evidence presents at least a genuine issue of material fact as to whether defendants timely repainted the handicap symbol and refreshed the slip-resistant additive in a way necessary to make the surface reasonable safe and suitable for pedestrian traffic and customers walking in and out of defendants gas station store.

¶ 34    Defendants separately contend that the evidence in the record failed to demonstrate that they had actual or constructive notice "of any danger of slipperiness of the parking lot surface,

including the alleged painted handicap symbol and square." Notice is a question of fact and plaintiff may not need to show constructive or actual knowledge if there is a finding that defendants created the condition through their own negligence. *Hornacek v. 5th Ave. Property Management*, 2011 IL App (1st) 103502, ¶ 29 (notice is generally a question of fact for the jury and where a defendant created the condition through its own negligence, a plaintiff does not need to show constructive or actual notice). Breach of a duty and proximate cause are also matters to be decided by the trier of fact. *Id*., ¶ 27.

¶ 35    Accordingly, the trial court erred when it struck plaintiff's affidavit in its entirety and entered summary judgment in favor of defendants under the natural accumulation rule.

¶ 36                                        CONCLUSION

¶ 37    Based on the foregoing, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.

¶ 38    Reversed and remanded.