2022 IL App (2d) 210209
No. 2-21-0209
Opinion filed January 21, 2022

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| JACQUELINE JOHNSON-JORDAN, | ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 20-LM-107 |
| CITGO PETROLEUM CORPORATION, 1015 FOOD MART INC., and UNKNOWN PROPERTY OWNER AND/OR MANAGEMENT COMPANY, | ) ) ) ) ) | Honorable Donna-Jo Vorderstrasse, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Presiding Justice Bridges concurred in the judgment and opinion.
Justice McLaren specially concurred, with opinion.

**OPINION**

¶ 1 At issue in this case is whether an amended complaint, which alleged that while shopping at the business of defendants, CITGO Petroleum Corporation and 1015 Food Mart Inc. (Food Mart), plaintiff, Jacqueline Johnson-Jordan, slipped and fell on an unnatural accumulation of water on the store's floor, related back to her original complaint, which alleged that she slipped and fell on ice as she exited the store. The trial court, determining that the amended complaint did not relate back and, thus, was filed after the expiration of the limitations period, dismissed plaintiff's amended complaint, with prejudice. Plaintiff appeals. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3     On January 17, 2020, in a two-count complaint, plaintiff sued defendants, alleging negligence. She asserted that defendants operated Food Mart, a CITGO store at 1015 10th Street in North Chicago. Plaintiff alleged that, on or about January 15, 2018, at about 10 p.m., she was a business invitee at the store. Further, while exiting the store, she "slipped and fell on unremoved by [*sic*] [defendants] ice." Plaintiff alleged that she sustained multiple injuries and that defendants breached their duty to maintain their premises in a reasonably safe condition.

¶ 4     Food Mart moved to dismiss the complaint (735 ILCS 5/2-615, 2-619(a)(5) (West 2020)), arguing that the two-year limitations period had expired (*id.* § 13-202) and that the complaint failed to state a claim. because it failed to allege an unnatural accumulation of ice. In response, plaintiff argued that her complaint was file-stamped after the expiration of the limitations period because it was initially rejected due to an electronic filing error. As to the second argument, she denied that she was required to plead an unnatural accumulation of ice. The trial court denied the motion as to the limitations argument (finding good cause shown) and dismissed the complaint without prejudice, based on plaintiff's failure to allege that she had slipped on an unnatural accumulation of ice. The court granted plaintiff leave to file an amended complaint.

¶ 5     On September 24, 2020, plaintiff filed her amended complaint. The complaint contained, in four counts, separate negligence and Premises Liability Act (740 ILCS 130/1 *et seq.* (West 2020)) counts against each defendant. In this complaint, plaintiff alleged that, on or about January 15, 2018, at about 10 p.m., she was a lawful entrant at the Food Mart and "was on the premises for the purpose of shopping." She entered the store and "proceeded to shop for merchandise." As she "proceeded to shop, she slipped and fell on the unnatural accumulation of a quantity of water on the floor." Plaintiff alleged that, prior to her fall, she did not see any signs warning of a wet floor

or indicating hazardous conditions, nor did she observe the water prior to her fall. The hazardous conditions on the premises, she further alleged, created an unreasonable risk of harm. She asserted that defendants breached the duty they owed their customers to remove any hazards and prevent the unnatural accumulation of water, causing her injury.

¶ 6     Food Mart moved to dismiss the amended complaint (735 ILCS 5/2-619(a)(5) (West 2020)), arguing that it was filed after the expiration of the limitations period and did not relate back to plaintiff's original complaint. Food Mart asserted that the allegations in both complaints were premised on two entirely different transactions or occurrences. In her original complaint, plaintiff had alleged that she slipped and fell on ice while exiting the store and that defendants had not removed the ice. In her amended complaint, she alleged that she slipped on water inside the store while shopping. The substantive and evidentiary issues, Food Mart asserted, were also different.

¶ 7     CITGO filed its own motion to dismiss (*id.* § 2-619(a)(5), (9)), arguing that it never owned or managed the store at issue, the complaint was not timely filed, and plaintiff had failed to exercise reasonable diligence in serving to it the summons and complaint.

¶ 8     On February 2, 2021, CITGO substituted Food Mart's counsel to represent CITGO and take over its defense.

¶ 9     On March 29, 2021, the trial court dismissed (*id.* § 2-619(a)(5)) plaintiff's amended complaint against both defendants, with prejudice, finding that it did not relate back to her original complaint (*id.* § 2-616(b)). A bystander's report of the proceedings states that the trial court found that the amended allegations changed the duties defendants owed to plaintiff and were factually distinct from the original allegations. The court also noted that the difference in allegations would

change the investigation that defendants were put on notice to conduct, specifically, investigating ice near the store entryway versus water accumulation inside the store. Plaintiff appeals.

¶ 10                                            II. ANALYSIS

¶ 11    Plaintiff argues that the trial court erred in dismissing her amended complaint, with prejudice, and requests that we reverse and remand for further proceedings. She maintains that her amended complaint relates back to her original complaint, where the location, time, and injuries are nearly identical such that the amended complaint "grew out of the same *** occurrence set up in the original pleading." *Id.* For the following reasons, we reject plaintiff's argument.

¶ 12    Section 2-619(a)(5) of the Code of Civil Procedure (Code) provides that a defendant may file a motion to dismiss when an action has not been commenced within the time limited by law. *Id.* § 2-619(a)(5). Section 2-619 is designed to afford litigants a means to dispose of issues of law and easily proven issues of fact at the onset of litigation. *Turner v. 1212 S. Michigan Partnership*, 355 Ill. App. 3d 885, 891 (2005). A motion to dismiss under section 2-619 admits the legal sufficiency of all well-pleaded facts but allows for the dismissal of claims barred by an affirmative matter defeating those claims or avoiding their legal effect. *Janda v. United States Cellular Corp.*, 2011 IL App (1st) 103552, ¶ 83.

¶ 13    When ruling on a section 2-619 motion to dismiss, a trial court must interpret all pleadings, affidavits, and other supporting documents in the light most favorable to the nonmoving party. *Caywood v. Gossett*, 382 Ill. App. 3d 124, 128 (2008). The defendant has the initial burden of proving the affirmative defense relied upon in its motion to dismiss. *Kirby v. Jarrett*, 190 Ill. App. 3d 8, 12 (1989) (explaining that a defendant raising a statute of limitations defense in a motion to dismiss bears the initial burden of demonstrating that the action in question was not commenced within the applicable limitations period). Once the defendant, however, has met this burden, it

becomes incumbent upon the plaintiff to set forth facts sufficient to avoid the statutory limitation. *Cundiff v. Unsicker*, 118 Ill. App. 3d 268, 272 (1983). An appeal from a section 2-619 dismissal requires the same analysis as an appeal following a grant of summary judgment; in both instances, "the reviewing court must ascertain whether the existence of a genuine issue of material fact should have precluded the dismissal, or absent such an issue of fact, whether dismissal is proper as a matter of law." *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 178 (2007). We review *de novo* dismissals under section 2-619. *O'Toole v. Chicago Zoological Society*, 2015 IL 118254, ¶ 16; see also *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 86 (1996) (*de novo* review applied to dismissal based on limitations period and failure of new claim to relate back under section 2-616(b)).

¶ 14    Section 13-202 of the Code provides that the limitations period for personal injury lawsuits is two years. 735 ILCS 5/13-202 (West 2020). Plaintiff's original complaint was filed within the limitations period. However, it is undisputed that, unless her amended complaint relates back to the filing of her original complaint, her amended complaint was not filed within the limitations period.

¶ 15    Section 2-616(b) of the Code addresses amendments to pleadings and contains the relation-back doctrine. It provides:

"(b) The cause of action, cross claim or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross claim interposed in the amended pleading *grew out of the same transaction or occurrence*

*set up in the original pleading*, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted, if the condition precedent has in fact been performed, and for the purpose of preserving the cause of action, cross claim or defense set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended." (Emphasis added.) *Id.* §2-616(b).

Thus, plaintiff's amended complaint relates back to her original complaint if both pleadings reflect that the negligence action asserted in the amended complaint grew out of the same transaction or occurrence set forth in the original complaint. See *id.*

¶ 16    "The purpose of the relation-back doctrine in section 2-616(b) is to preserve causes of action against loss by reason of technical default unrelated to the merits." *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 355 (2008). The statute's requirements are, therefore, liberally construed "to allow resolution of litigation on the merits and to avoid elevating questions of form over substance." *Id.* Another rationale is to allow a defendant "a fair opportunity to investigate the circumstances upon which liability is based while the facts are accessible." *Id.*

¶ 17    Courts have concluded that "relation back is appropriate where a party seeks to add a new legal theory to a set of previously alleged facts" but have held otherwise where an amendment "states an entirely new and distinct claim for relief based on completely different facts." *Id.* at 358-59. The supreme court has characterized the area between these two principles as a "grey area where courts have allowed relation back when amendments have added new factual allegations that can be characterized as falling within the general 'transaction' alleged in the original complaint." *Id.* at 359.

¶ 18    The supreme court, in *Porter*, adopted the sufficiently-close-relationship test, which provides that "a new claim will be considered to have arisen out of the same transaction or occurrence and will relate back if the new allegations as compared with the timely filed allegations show that the events alleged were close in time and subject matter and led to the same injury." *Id.* at 360 (citing *In re Olympia Brewing Co. Securities Litigation*, 612 F. Supp 1370, 1373 (N.D. Ill. 1985)). In *Porter*, the supreme court reversed the dismissal of the plaintiff's second amended complaint. The first amended complaint alleged that hospital personnel failed to report to the attending neurosurgeon the patient's diminishing neurological status and that, as a result, the patient's condition went undiagnosed and untreated and caused him to lose extremity function. In a count in the second amended complaint, the plaintiff added allegations that a doctor, one of the hospital's agents, misread and misinterpreted the CT scan of the patient's spine and that, as a result, his diminishing neurological function went undiagnosed and untreated, causing him to lose extremity function. The supreme court held that there was a sufficiently close relationship between the allegations to show that the later allegation grew out of the same transaction or occurrence as the earlier one: "The two allegations were part of the same events leading up to the same ultimate injury for which damages are sought," "were closely connected in both time and location," and were "similar in character and general subject matter, as they involved allegations of medical malpractice that resulted in failure to appreciate [the] plaintiff's diminishing neurological status," and "the Hospital was on notice from the earlier allegation that [the] plaintiff was asserting negligent treatment by the employees and agents of the Hospital." *Id.* at 361. The supreme court also noted that section 2-616(b) was "designed to notify a party that claims will be asserted that grow out of the general fact situation set forth in the original pleading." *Id.* at 362. The first amended complaint's "general allegation about the failure to report [the] plaintiff's diminishing

neurological function[ ] supplied the appropriate notice." *Id.*; c*f. Zeh v. Wheeler*, 111 Ill. 2d 266, 275, 277-79 (1986) (affirming dismissal of slip-and-fall complaint, which alleged injury occurred during descent of apartment building's common stairway but was amended to change the address of property on which injury occurred; holding that amended complaint did not relate back, because it alleged an action that grew out of a different occurrence from that originally alleged, where both properties were managed by same company but had different ownership; also rejecting the plaintiff's argument that the defendants had notice of occurrence, where property in amended complaint had a different beneficial owner; "the failure to maintain in a reasonably safe condition a common stairway at 4400 South Wallace involves totally different conduct by different persons at a different time and at a different place than the failure to maintain in a reasonably safe condition a common stairway at 4400 South Lowe").

¶ 19    Here, plaintiff argues that this case falls in the gray area and that the amended complaint satisfies the sufficiently-close-relationship test and relates back to the original complaint. She maintains that the *Porter* elements—closeness in time and subject matter and leading to the same injury—are met here. Plaintiff notes that both complaints pleaded the same location of the accident (1015 10th Street in North Chicago), the same date and time, the same injury, and the same legal theory (negligence). The new allegation, according to plaintiff, that the slip and fall occurred inside the store, arises out of the same occurrence alleged in the original complaint, because the events were close in time and subject matter and led to the same injury.

¶ 20    Plaintiff also contends that, from the beginning, defendants had notice that she was seeking to enforce a claim against them because of a slip and fall. Thus, in her view, there is no surprise here. Upon receiving the original complaint, plaintiff contends, defendants would presumably have reached out to the store to inquire about the January 15, 2018, events and a potential injury to a

patron due to a slip and fall. The investigation would, in theory, have resulted in discovering that a slip and fall occurred on that date and the cause thereof would be revealed during the investigation.[1]

¶ 21　We conclude that the trial court did not err in determining that the amended complaint did not relate back to the original complaint. The initial original complaint alleged a slip and fall on ice (that defendants had not removed) while plaintiff exited the store. However, in the amended complaint, plaintiff alleged that she slipped and fell on water inside the store while she was shopping. The material facts changed in that plaintiff alleged slipping on two different substances in two different locations. Thus, the injury alleged in the amended complaint did not grow out of the same occurrence as alleged in the original complaint.

¶ 22　Further, as defendant notes, the substantive and evidentiary issues implicated by the amended allegations are different from those in the original complaint. To sustain a claim in negligence, plaintiff must plead and prove the existence of a duty, a breach of that duty, and damages proximately resulting from the breach of that duty. *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 12. Plaintiff's initial allegations concerning her slip and fall on ice potentially implicated property owners' duties concerning snow and ice removal. Under the natural accumulation rule, a landowner or possessor of real property has no duty to remove natural accumulations of ice, snow,

---

[1] Plaintiff also references a copy of a police incident report that she includes in an Appendix to her appellant's brief, arguing that it states that she fell in the store and shows that defendants had notice of a slip and fall on January 15, 2018. As this report is not contained in the appellate record and the trial court did not assess it, we do not consider it. See, *e.g.*, *Avery v. Sabbia*, 301 Ill. App. 3d 839, 843-44 (1998).

or water from its property. *Krywin v. Chicago Transit Authority*, 238 Ill. 2d 215, 227 (2010). There is also no duty to warn of such conditions. *Bailey v. Graham Enterprises, Inc.*, 2019 IL App (1st) 181316, ¶ 27. However, if the accumulation becomes unnatural due to the defective design or construction or improper maintenance of the premises that are under the landowner's control, then the rule does not apply. *Id.* Further, "[w]hen a landowner prescribes a means of ingress or egress, it has a duty to illuminate properly and give adequate warning of a known, dangerous condition, or it must repair the condition." *Id.* ¶ 29.

¶ 23    In contrast, plaintiff's amended pleading implicates duties that property owners owe to their invitees. Generally, property owners owe a duty to maintain their property in a reasonably safe condition. *Milevski v. Ingalls Memorial Hospital*, 2018 IL App (1st) 172898, ¶ 29.

> "Accordingly, our courts have repeatedly held that a business owner breaches its duty to an invitee who slips on a foreign object in three circumstances: (1) where the object was placed there by the negligence of the proprietor; (2) his [or her] servants knew of its presence; or (3) the object was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered (*i.e.*, the proprietor had constructive notice of the object)." *Haslett v. United Skates of America, Inc.*, 2019 IL App (1st) 181337, ¶ 41.

Plaintiff's amended complaint alleged key facts that did not grow out of the same occurrence set up in her original complaint and implicated duties and defenses different from those in her original complaint. The potential additional parties/witnesses would differ depending on the duties/defenses at issue: for example, a snow-removal company might be involved in the case of the slip and fall outside the store versus a refrigeration company for a fall inside the store. Thus, we disagree with plaintiff that there is no surprise here. The original complaint did not put

defendants on notice of a potential change in the cause and location of plaintiff's accident or allow preparation of an appropriate defense.

¶ 24    Plaintiff's position is essentially that the fact that both complaints alleged the same type of injury—a slip and fall—necessarily means that the amended complaint relates back to the original. This is not the proper inquiry. The amended complaint does not relate back here because it alleges new facts concerning key aspects of the alleged accident. And, as discussed, they implicate different substantive and evidentiary issues.

¶ 25    We find instructive, as did the trial court, *Yette v. Casey's General Stores, Inc.*, 263 Ill. App. 3d 422 (1994). In *Yette*, the plaintiff slipped and fell on an icy sidewalk adjacent to the defendant's premises. The plaintiff alleged that the defendant had negligently failed to salt or remove ice from the sidewalk in front of its doorway. In an amended complaint, the plaintiff added a second count that alleged that the building siding was designed to facilitate runoff of snow, ice, and rain and that this condition, together with the absence of gutters, eaves, or troughs, allowed an unnatural accumulation of ice to collect on the sidewalk. The reviewing court affirmed the dismissal of the amended complaint, holding that the original and amended complaints did not arise from the same transaction or occurrence. *Id.* at 425-26. Noting that the only transaction or occurrence alleged in both complaints was that the plaintiff fell on ice while on the defendant's premises, the court determined that the amended complaint did not notify the defendant that the condition of its building was a material fact upon which the plaintiff's claim was predicated. *Id.* at 425. The court concluded that the original complaint asserted a theory based on negligent acts or omissions of the defendant's agents related to the sidewalk, whereas the second count in the amended complaint alleged that the building's design facilitated runoff that caused an unnatural accumulation of ice on the sidewalk, which constituted conduct/conditions different from those

alleged in the original complaint. Thus, the original complaint. did not give the defendant notice that the condition of its building was a material element of the plaintiff's claim in his amended complaint. *Id.* at 425-26.

¶ 26 We reject plaintiff's arguments that *Yette* is distinguishable and possibly no longer viable given that it was decided before the supreme court, in *Porter*, adopted the sufficiently-close-relationship test. First, *Yette* stands for the proposition that a change in a material fact or element upon which the plaintiff's complaint is based warrants a finding that an amendment does not relate back to the original complaint. The initial allegations in that case were focused on the defendant's acts or omissions as to the sidewalk, and the amended allegations asserted that the building's design facilitated the cause of the unnatural accumulation on the sidewalk. Here, similarly, the original complaint focused on the accumulation of ice outside defendants' store, whereas the amended complaint was based on a different material fact, namely, a slip and fall on water inside the store. Second, we find that *Yette* remains viable. Its focus on the material facts or elements is similar, if not identical, to the sufficiently-close-relationship test's focus on whether the "events alleged were close in time and subject matter and led to the same injury." *Porter*, 227 Ill. 2d at 359-60.

¶ 27 We find *Tiller v. Atlantic Coast Line R.R. Co.*, 323 U.S. 574 (1945), upon which plaintiff relies, unhelpful. There, the United States Supreme Court held that an amended pleading related back to the original complaint. In that case, the plaintiff's husband had been killed when he was struck by a train (traveling backwards) while he was working for the defendant railroad. *Id.* at 580-81. The original complaint alleged that the railroad failed to keep a proper lookout for the decedent, to warn him of an approaching train, to keep the head car properly lighted, and to warn him of the sudden change in shifting cars. The amended complaint added an allegation based on a violation

of a federal statute that required locomotives to have a rear light. In holding that both complaints related to the same transaction and occurrence, the court found that the defendant had notice of the events leading to the decedent's death. *Id.* We disagree with plaintiff's argument that *Tiller* is conceptually similar to this case. *Tiller* did not involve a slip and fall, and the amended complaint did not allege a new location or cause of the accident.

¶ 28                                    III. CONCLUSION

¶ 29    For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 30    Affirmed.

¶ 31    JUSTICE McLAREN, specially concurring:

¶ 32    I specially concur because I wish to emphasize a point that the majority does not analyze.

¶ 33    In paragraph 18, the majority relates the following regarding the appropriate test to determine if the amended complaint relates back:

> "The supreme court, in *Porter*, adopted the sufficiently-close-relationship test, which provides that 'a new claim will be considered to have arisen out of the same transaction or occurrence and will relate back if the new allegations as compared with the timely filed allegations show that the events alleged were close in time and subject matter *and led to the same injury*.' " (Emphasis added.) *Supra* ¶18 (quoting *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 360 (2008) (citing *In re Olympia Brewing Co. Securities Litigation*, 612 F. Supp 1370, 1373 (N.D. Ill. 1985))).

¶ 34    Plaintiff claims that the injury alleged in the amended complaint is the same as the injury alleged in the original complaint, because both occurred at the same time and address and with water in either its solid or liquid state. During oral argument, plaintiff's counsel narrowed the argument to "the type of injuries were the same," *i.e.*, both were slip and fall injuries. Plaintiff cites

no authority supporting her argument regarding "types of injuries." In the cases she cites, the injuries in the original and the amended complaints were identical, as they arose at the same time and place. Additionally, the amendments did not alter the nature of the specific injury alleged in the original complaint.

¶ 35    The argument that plaintiff makes here is a counterfactual enthymeme. The amended complaint abandoned the original transaction and the *sui generis* injury arising therefrom. But plaintiff argues that slip and falls are all alike. They may be as to type, but they are not as to the actual injury incurred. Whatever injury that was abandoned in the amended complaint is nondescript. It is pure speculation to deem an abandoned nondescript injury as the same injury when the actual injury arose at a different time and a different place. Simply put, plaintiff is arguing that the complaints alleged the same injury, but the complaints set forth only one tort that occurred while the plaintiff was shopping. If it were otherwise, one would logically conclude that the two slip and falls should have been pleaded in alternate counts with only one recovery. Comparing an injury with a nonexistent injury is irrational and absurd, especially when it is claimed that they are the same. It is a *non sequitur* to claim that an alleged injury is the same as an injury that happened at some other time in some other location (regardless of the address of the premises). I am aware of the absurdity of pleading alternate counts, because that would suggest that the transactions cannot be identical and the trial court's dismissal was correct.

¶ 36    The majority does not analyze the fact that the injury could not be the same. Instead, it analyzes the case on the difference in transactional facts. I submit that the test in *Porter* includes the element of the injury being the same, an element the majority fails to address. The slip and fall on the ice was abandoned when it was not repleaded. Therefore, there is only one injury to consider, and having failed to establish that the original injury was the same as the amended injury,

plaintiff cannot invoke relation back. As there is only one injury that arose during the shopping, it could not have arisen when plaintiff was exiting the building.

¶ 37    Legal authorities have analyzed this issue by discussing the underlying facts as well as the consideration of the identical injury arising out of the factual circumstances. I submit that logical consistency requires the same underlying facts *and* the same injury if the complaint is to relate back.

¶ 38    The majority has not analyzed the element in the *Porter* test relating to the same injury, and therefore I specially concur.

**No. 2-21-0209**

| | |
|---|---|
| **Cite as:** | *Johnson-Jordan v. CITGO Petroleum Corp.*, 2022 IL App (2d) 210209 |
| **Decision Under Review:** | Appeal from the Circuit Court of Lake County, No. 20-LM-107; the Hon. Donna-Jo R. Vorderstrasse, Judge, presiding. |
| **Attorneys for Appellant:** | Nick E. Porter, of Law Offices of Fedor Kozlov, P.C., of Schaumburg, for appellant. |
| **Attorneys for Appellee:** | Richard J. Leamy Jr., Kristen A. Schank, and Henry W. Goldman, of Weidner & McAuliffe, Ltd., of Chicago, for appellees CITGO Petroleum Corporation and 1015 Food Mart, Inc. |