2025 IL App (1st) 242309-U

No. 1-24-2309

Order filed December 31, 2025

THIRD DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| REGINALD HART, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 2023 CH 5267 |
| | ) | |
| JUDGE KENNETH E. WRIGHT JR., | ) | |
| and JUDGE JIM RYAN, | ) | Honorable |
| | ) | Clare J. Quish, |
| Defendants-Appellees. | ) | Judge Presiding. |

PRESIDING JUSTICE MARTIN delivered the judgment of the court.
Justices Rochford and Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The court did not err in denying plaintiff's request for *mandamus* relief and dismissing count II of the amended complaint with prejudice.

¶ 2    Plaintiff Reginald Hart appeals various orders of the circuit court of Cook County stemming from a forcible entry and detainer action filed against him for possession of an apartment he was renting.[1] However, in this appeal, we review only the order denying plaintiff's request for

---

[1] Plaintiff represented himself *pro se* in all proceedings.

*mandamus* relief and dismissing count II of his amended complaint, which sought to vacate the order of possession. For the reasons that follow, we affirm.[2]

¶ 3                                    I. BACKGROUND

¶ 4      On October 11, 2016, in case number 2016 M1 718377, MAC Property Management, LLC (MAC), filed a forcible entry and detainer action in the municipal division of the circuit court of Cook County against plaintiff. MAC had declined to renew plaintiff's apartment lease and sought possession after plaintiff attempted to unilaterally modify the lease terms in an effort to avoid paying certain utilities. The eviction case was assigned to Judge Jim Ryan.

¶ 5      Plaintiff filed an answer and counterclaims. The counterclaims sought monetary damages and plaintiff demanded a trial by jury. MAC moved to dismiss the counterclaims pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2016)). MAC argued that the counterclaims did not contest possession but rather sought monetary damages and therefore were not "germane" to the eviction case, where the issue was possession.

¶ 6      Plaintiff withdrew his counterclaims and MAC withdrew its motion to dismiss. Plaintiff subsequently filed what had been his counterclaims in a separate action in the law division of the circuit court of Cook County in case number 2016 L 10970.

¶ 7      Plaintiff filed a motion to dismiss the eviction complaint pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2016)). Plaintiff maintained that the complaint failed to allege specific facts demonstrating that he unlawfully withheld possession; and that he was not a holdover tenant, as he paid MAC rent consideration of $632 in accordance with the terms of the lease. He pleaded the affirmative defense of breach of contract for MAC's refusal to renew the lease. Further,

---

[2]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon entry of a separate written order.

he alleged that MAC violated the Rental Property Utility Service Act (765 ILCS 735/0.01 *et seq.* (West 2016)), by refusing to modify the lease.

¶ 8    The case was scheduled for jury trial to begin December 6, 2016. At a pretrial conference held the day before trial, Judge Ryan entered an order noting that "during the course of the pretrial conference," plaintiff "refused to discuss" MAC's "jury instructions and became unruly" and "refused to further participate in the jury instruction conference." The judge denied plaintiff's section 2-615 motion to dismiss and affirmed the December 6, 2016 trial date.

¶ 9    On the day of trial, plaintiff filed a motion, ostensibly pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Jan. 1, 2016), seeking an injunction to enjoin or stay the eviction proceedings. Judge Ryan entered an order denying the motion. The order reflected that the plaintiff stated "in open court that he refused to participate any further in the proceedings and that he just wanted the order denying" his motion to stay. The court's order further stated that plaintiff left the courtroom and did not return. Judge Ryan determined that pursuant to section 9-109 of the Forcible Entry and Detainer Act (Act) (735 ILCS 5/9-109 (West 2016)), plaintiff waived his right to a jury trial when he left the courtroom and refused to participate in the proceedings.[3] The judge dismissed the venire and the matter proceeded to a bench trial, with the judge finding in favor of MAC on the issue of possession.

¶ 10    Judge Ryan's findings and observations were memorialized in the court's December 6, 2016 order. Plaintiff appealed in the eviction action, challenging the order of possession. In May 2017, we dismissed the appeal as moot based on evidence that plaintiff had been evicted from the subject apartment, which was subsequently leased to a new tenant.[4]

---

[3]Section 9-109 of the Act provides that if a duly summoned defendant does not appear for trial, the trial court may proceed *ex parte*. 735 ILCS 5/9-109 (West 2016).

[4]The record demonstrates that the Cook County sheriff evicted plaintiff from the subject apartment

¶ 11    On March 8, 2017, in the pending law division case, Judge Diane M. Shelley entered a case management order that, among other things, struck plaintiff's previously filed motion to default MAC. We dismissed plaintiff's appeal of that order. Following the dismissal, the case returned to the law division, renumbered as 2017 L 009311.

¶ 12    Judge Shelley entered an order on April 10, 2018, dismissing all but one of plaintiff's claims with prejudice as being barred by *res judicata*. Plaintiff's consumer fraud and deceptive business practices claim against MAC was dismissed without prejudice. Plaintiff later refiled that claim. On September 7, 2018, Judge Shelley entered a memorandum opinion and order dismissing the consumer fraud and deceptive business practices claim with prejudice and took the case "off call." On June 28, 2019, this court dismissed plaintiff's subsequent appeal of that order on the grounds that his appellate brief failed to comply with the requirements of subsections (b)(1) and (h)(7) of Illinois Supreme Court Rule 341 (eff. May 25, 2018).

¶ 13    In June 2020, in the law division case, plaintiff filed a petition pursuant to section 2-1401(f) of the Code, seeking to vacate various orders and the judgment that had been entered in the eviction case. Judge Shelley dismissed the petition and plaintiff appealed.

¶ 14    In a December 22, 2020 order, this court noted that plaintiff's section 2-1401(f) petition was not filed in the eviction case, where it should have been; rather, the petition was filed in the law division case, which was not the same proceeding in which the challenged orders and judgment were entered, as required by section 2-1401(b) of the Code (735 ILCS 5/2-1401(b) (West 2020)). We ultimately dismissed plaintiff's appeal on the grounds that his appellate brief failed to comply with the requirements of subsections (b)(1), (h)(6), and (h)(7) of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2018).

---

on or about February 8, 2017, and that thereafter the apartment was rented to a new tenant on or about February 18, 2017.

¶ 15 In May 2021, plaintiff filed a second section 2-1401 petition, this time in the eviction case. In an October 20, 2021 order, Judge Ryan dismissed plaintiff's petition and barred the parties from filing any further motions without prior leave of court. This court dismissed plaintiff's subsequent appeal of that order.

¶ 16 On November 28, 2022, plaintiff filed a petition in the eviction case to substitute Judge Ryan for cause pursuant to section 2-1001(a)(3) of the Code (735 ILCS 5/2-1001(a)(3) (West 2020)). Plaintiff alleged that Judge Ryan displayed prejudice, personal bias, favoritism, and antagonism in his handling of the eviction matter. He requested that the case be transferred to Judge Kenneth E. Wright Jr., the presiding judge of the First Municipal District. Judge Ryan struck the petition.

¶ 17 On December 22, 2022, plaintiff filed a second petition to substitute Judge Ryan for cause. According to plaintiff, he and MAC's counsel appeared before Judge Wright Jr. on February 15, 2023, for presentation of this second petition. Judge Wright Jr. dismissed the petition without entering a written dismissal order.

¶ 18 Plaintiff filed a complaint on May 31, 2023, in the chancery division under case number 2023 CH 5267, seeking a writ of *mandamus* against Judges Wright Jr. and Ryan. In count one, plaintiff sought to compel Judges Wright Jr. and Ryan to issue their respective orders denying transfer of his petition for substitution for cause to another judge for hearing. In count two, which was pled in the alternative, plaintiff sought a finding that the orders of possession issued in the eviction case were void for "want of jurisdiction and due process of law." Plaintiff alleged that Judge Ryan violated his due process rights when the judge "ejected" him from the courtroom and conducted the bench trial in his absence. Further, he contended that the due process violation rendered the order of possession void for lack of jurisdiction.

¶ 19    The Attorney General of the State of Illinois, on behalf of the judges, moved to dismiss plaintiff's chancery complaint pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2020)). This section of the Code allows a movant to combine motions to dismiss under sections 2-615 (735 ILCS 5/2-615 (West 2020)) and 2-619 (735 ILCS 5/2-619 (West 2020)).

¶ 20    The judges moved to dismiss the complaint pursuant to section 2-615 on the ground that the complaint failed to allege sufficient facts to support a cause of action for writ of *mandamus*. They moved to dismiss the complaint pursuant to section 2-619(a)(9) on the ground that the allegations in the complaint were barred by the collateral attack doctrine, as the claims "are properly addressed in the trial court in which the previous eviction cases were decided or in an appellate court upon appeal." The judges maintained that plaintiff was seeking to "reverse an eviction decision against him in another forum by attacking the judges that rendered those decisions in this forum."

¶ 21    On November 17, 2023, the court entered an order dismissing without prejudice plaintiff's request for a writ of *mandamus*. The court continued the matter as to whether plaintiff's claims were barred by the collateral attack doctrine. Plaintiff was granted leave to file an amended complaint, which he filed on December 28, 2023. The amended complaint contained two counts, the first for a writ of *mandamus*, and the second for relief under section 2-1401(f), where plaintiff claimed that the possession order was void for want of jurisdiction and violation of due process of law.

¶ 22    In a final order entered October 25, 2024, the chancery court dismissed both counts of plaintiff's amended complaint with prejudice. The court dismissed both counts pursuant to section 2-619(a)(9), finding that under the doctrine of judicial immunity, the judges were immune from suit as the actions they undertook were proper judicial acts. In addition, pursuant to section 2-615,

the court dismissed count I and denied plaintiff's request for a writ of *mandamus* on the grounds that the judges' actions were not ministerial but instead were acts of discretion not subject to a writ of *mandamus*.

¶ 23    The court dismissed count II with prejudice, pursuant to section 2-615, based on its finding that section 2-1401(b) of the Code expressly provides that a section 2-1401 petition must be brought in the same proceeding in which the order or judgment was entered. It noted that the present "lawsuit [was] not the same proceeding in which any of [the] orders or judgments were entered." This appeal by plaintiff followed.

¶ 24                                 II. ANALYSIS

¶ 25    Plaintiff appeals the following: (1) the municipal court order denying his motion to dismiss the eviction complaint; (2) the municipal court order granting possession of the subject apartment to MAC; (3) the law division order dismissing his claims with prejudice; and (4) the final chancery court order dismissing counts I and II of his amended complaint with prejudice.

¶ 26    Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) governs this court's jurisdiction to review final orders and judgments of the circuit court. Rule 301 provides that "[a]n appeal is a continuation of the proceeding." This court has determined that "[i]nasmuch as the appeal is a continuation of the circuit court proceeding, the notice of appeal cannot vest jurisdiction in this court over an order entered in a different proceeding*." Lee v. Pavkovic*, 119 Ill. App. 3d 439, 444 (1983).

¶ 27    To the extent plaintiff seeks appellate review of orders entered in the municipal and law division cases, we lack jurisdiction to consider those orders. Simply including these orders in a notice of appeal does not confer jurisdiction over orders that were entered in other cases and subject to prior appeals.

¶ 28    The only order listed in the notice of appeal that is subject to our review is the chancery court's final order dismissing counts I and II of plaintiff's amended complaint with prejudice, pursuant to section 2-619.1 of the Code.

¶ 29                              A. Section 2-619.1 Motion to Dismiss

¶ 30    Section 2-619.1 "permits a party to combine a section 2-615 motion to dismiss based upon a plaintiff's substantially insufficient pleadings with a section 2-619 motion to dismiss based upon certain defects or defenses." *Edelman Combs & Latturner v. Hinshaw & Culbertson*, 338 Ill. App. 3d 156, 164 (2003). "Our review is *de novo* for motions to dismiss brought under both sections 2-615 and 2-619." *Id*.

¶ 31                              1. Judicial Immunity

¶ 32    The chancery court dismissed both counts of plaintiff's amended complaint with prejudice pursuant to section 2-619(a)(9), based on its finding that under the doctrine of judicial immunity, Judges Wright Jr. and Ryan were immune from suit as the actions they undertook were proper judicial acts.

¶ 33    Plaintiff contends the chancery court erred in applying the doctrine of judicial immunity. He maintains that Judge Ryan's conduct in yelling "Get him out of here" was a "nonjudicial act," and therefore was not subject to immunity. Plaintiff claims the court ignored Judge Ryan's conduct in finding that the two exceptions to judicial immunity did not apply.

¶ 34    Section 2-619(a)(9) provides for the involuntary dismissal of a complaint when "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619 (West 2016). When ruling on a motion under this section of the Code, the court must accept as true all well-pleaded facts and all reasonable inferences therefrom and must construe the pleadings in the light most favorable to the nonmoving party.

*Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 31.

¶ 35    Our supreme court has determined that an appeal from a dismissal pursuant to section 2-619(a)(9) calls for the same analysis as an appeal following the grant of summary judgment. *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 383 (1997). "[I]n both instances, 'the reviewing court must ascertain whether the existence of a genuine issue of material fact should have precluded the dismissal, or absent such an issue of fact, whether dismissal is proper as a matter of law.' " *Johnson-Jordan v. Citgo Petroleum Corp.*, 2022 IL App (2d) 210209, ¶ 13 (quoting *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 178 (2007)).

¶ 36    "Immunity from suit is an 'affirmative matter' properly raised under section 2-619(a)(9)." *Epstein*, 178 Ill. 2d at 383; see also *Moncelle v. McDade*, 2017 IL App (3d) 160579, ¶ 16 ("[j]udicial immunity is a matter that can justify the dismissal of a complaint under section 2-619(a)(9)").

¶ 37    "Judges are absolutely immune from liability for suits arising out of their performance of judicial functions." *Bianchi v. McQueen*, 2016 IL App (2d) 150646, ¶ 59. "An act is judicial when 'it is a function normally performed by a judge.' " *Generes v. Foreman*, 277 Ill. App. 3d 353, 355 (1995) (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). There are two recognized exceptions to judicial immunity, "namely, actions not taken in the judge's judicial capacity and actions taken in the complete absence of all jurisdiction." *Grund v. Donegan*, 298 Ill. App. 3d 1034, 1039 (1998). Contrary to plaintiff's contention, we find neither exception applies.

¶ 38    Examining the first exception, we find that the actions taken by Judge Ryan over the course of the eviction proceedings—striking plaintiff's jury demand, purportedly expelling him from the courtroom after he allegedly refused to participate in the proceedings, finding in favor of MAC on the issue of possession, and refusing to transfer his petition for substitution for cause to another

judge—were all taken within the judge's judicial capacity. Judges have the "inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before" the court. *Ramirez v. T&H Lemont, Incorporated*, 845 F.3d 772, 776 (7th Cir. 2016). In addition, Judge Ryan's authority to issue the orders he did "is part and parcel of everyday judicial duties." *Bozek v. Bank of America, N.A.*, 2021 IL App (1st) 191978, ¶ 63.

¶ 39    As to the second exception, we find that Judge Ryan was not acting in complete absence of jurisdiction. Plaintiff suggests that Judge Ryan lost jurisdiction over the eviction action when plaintiff filed his notice of appeal pursuant to Illinois Supreme Court Rule 307(a)(1). We disagree.

¶ 40    Rule 307(a)(1) provides that an appeal may be taken from an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2017). However, filing an appeal pursuant to Rule 307(a)(1) does not divest the circuit court of jurisdiction, but rather restrains the court "from either changing or modifying the injunction order, and from taking any other action which would interfere with appellate review of that order." *Payne v. Coates-Miller, Inc.*, 68 Ill. App. 3d 601, 608 (1979).

¶ 41    Accordingly, the two exceptions to application of judicial immunity were not present and therefore we find that the chancery court properly held that judicial immunity bars plaintiff's claims against both Judge Ryan and Judge Wright Jr.

¶ 42                                    2. *Mandamus*

¶ 43    Pursuant to section 2-615, the chancery court dismissed count I of the amended complaint and denied plaintiff's request for a writ of *mandamus* on the grounds that the judges' actions were not ministerial but instead were acts of discretion not subject to writ of *mandamus*.

¶ 44    "The question presented by a section 2-615 motion to dismiss is whether the allegations of the complaint, when taken as true and viewed in a light most favorable to the plaintiff, are sufficient

to state a cause of action upon which relief can be granted." *Turner v. Memorial Medical Center*, 233 Ill. 2d 494, 499 (2009). "Because Illinois is a fact-pleading jurisdiction, a plaintiff must allege facts sufficient to bring his or her claim within the cause of action asserted." *Id.*

¶ 45 "*Mandamus* is an extraordinary remedy used to compel a public officer to perform nondiscretionary official duties." *People ex rel. Senko v. Meersman*, 2012 IL 114163, ¶ 9. It is well settled that a writ of *mandamus* is not appropriate to compel discretionary acts. *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 193 (2009). Therefore, if Judge Ryan's decision to dismiss plaintiff's petition for substitution for cause, without referring it to another judge for a cause hearing, was a matter of judicial discretion, as opposed to a ministerial act, then plaintiff was not entitled to a writ of *mandamus*. We believe such to be the case here.

¶ 46 Plaintiff sought to compel Judges Ryan and Wright Jr. to issue their respective orders pursuant to section 2-1001(a)(3) of the Code, which provides for substitution of judge for cause. "Effective January 1993, this section of the Code was amended to provide that a trial judge facing a petition for substitution was required to refer the petition to a 'judge other than the judge named in the petition.' " *In re Estate of Hoellen*, 367 Ill. App. 3d 240, 248 (2006) (quoting section 2-1001(a)(3)(iii) of the Code (735 ILCS 5/2-1001(a)(3)(iii) (West 2000)). However, a party's right to have his or her petition heard by another judge is not automatic. *In re Estate of Wilson*, 238 Ill. 2d 519, 553 (2010).

¶ 47 A party moving for substitution of judge for cause under section 2-1001(a)(3) must submit a petition alleging grounds that, if true, would justify granting substitution for cause. *Id.* at 554. "A judge may deny a petition without referring it to another judge if it fails to meet threshold requirements." *Petalino v. Williams*, 2016 IL App (1st) 151861, ¶ 35. In order to trigger the right to a hearing before another judge, "the request must be made by petition, the petition must set forth

the specific cause for substitution, and the petition must be verified by affidavit." *In re Estate of Wilson*, 238 Ill. 2d at 553-54. As in this case, where bias or prejudice is invoked as the basis for seeking a substitution for cause, it must normally stem from an extrajudicial source. *In re Estate of Hoellen*, 367 Ill. App. 3d at 248. "A trial judge is presumed to be impartial and the burden of overcoming this presumption rests with the party asserting bias, who must present evidence of personal bias stemming from an extrajudicial source and evidence of prejudicial trial conduct." *Id*.

¶ 48    We find that the statute's threshold requirements for triggering the right to a hearing before another judge under section 2-1001(a)(3) clearly contemplates an exercise of discretion on the part of the trial judge as to whether to transfer a petition for substitution for cause to another judge. The statute allows for the exercise of discretion on the part of the trial judge and thus does not involve the exercise of a ministerial duty. Plaintiff's request for *mandamus* relief fails as a matter of law because he challenges discretionary decisions made by trial judges over the course of judicial proceedings.

¶ 49                                    B. Section 2-1401 Relief

¶ 50    In count II of his amended complaint, plaintiff sought to vacate the order of possession entered in the eviction case. Plaintiff claimed that Judge Ryan violated his rights to due process of law when the judge "ejected" him from the courtroom and conducted the bench trial in his absence. Plaintiff maintained that this due process violation rendered the order of possession void for lack of jurisdiction.

¶ 51    Section 2-1401(f) is a means to collaterally attack void judgments. *In re Tax Deed*, 2020 IL App (5th) 190168, ¶ 27. This section of the Code provides that "[n]othing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief." 735 ILCS 5/2-1401(f) (West 2022).

¶ 52 "Subsection (b) of section 2-1401 states, in part, that the petition 'must be filed in the same proceeding in which the order or judgment was entered.' " *Price v. Philip Morris, Inc.*, 2015 IL 117687, ¶ 32 (quoting section 2-1401(b) of the Code (735 ILCS 5/2-1401(b) (West 2012)).

"Although the term 'same proceeding' is not defined in the statute, its use by the General Assembly has long been understood to mean that the postjudgment petition must be filed in the same court in which the contested judgment was entered and, when possible, assigned to the same judge who heard the original action." *Id.*

¶ 53 Here, the chancery court cited to section 2-1401(b) in dismissing count II with prejudice, noting that the chancery action was not the same action in which the order of possession was entered. We agree with the court's findings and reasoning and conclude that the court did not err in dismissing count II of the amended complaint with prejudice.

¶ 54                                    III. CONCLUSION

¶ 55 For the foregoing reasons, we affirm the chancery court's order denying plaintiff's request for *mandamus* relief and dismissing count II of the amended complaint with prejudice.

¶ 56 Affirmed.